ELLA L. BANCROFT, APPELLANT, v. HEIRS OF
A. J. BANCROFT.

*Adoption of Heir.*

1. Act of 1870, No. 8, as to changing names, and constituting persons heirs-at-law, * construed.
2. Under this statute the same person, in signing the instrument of affiliation, may act in the double capacity of guardian and adopter.

THIS case was tried at the March Term, 1880, REDFIELD, J., presiding. It was appealed from the Probate Court of Washington district, and entered in the County Court by Ella L. Bancroft ; her appeal being taken because of the order of distribution, whereby the Probate Court refused to recognize her as heir of A. Jackson Bancroft, late of Barre, in said district, deceased, and made distribution to the brothers and sisters of A. Jackson Bancroft, after setting out the homestead, and giving the widow her thirds. The said Ella L. claimed to be heir of the said A. Jackson Bancroft, by virtue of certain acts which she claimed were acts of adoption. After said cause was entered in County Court, the said Ella L. filed

* This act was changed in 1880.

Bancroft *v.* Heirs of Bancroft.

her declaration. To this declaration the defendants filed a general demurrer. The cause was heard on the demurrer, and the court rendered judgment, *pro forma*, reversing the order of the Probate Court, and ordered that distribution be made to the said Ella L., as heir of the said A. Jackson Bancroft, to which defendants excepted.

The declaration set out the following instrument of adoption:

STATE OF VERMONT, ) Be it remembered, that at Barre, this 5th Washington County, ss. ʃ day of March, A. D. 1875, Ella L. Granger, of Barre aforesaid, a minor, is hereby adopted and made heir-at-law of A. Jackson Bancroft and Carrie E. Bancroft, husband and wife, of said Barre, and said adopted person shall hereafter bear the name of Ella L. Bancroft; in virtue whereof we hereunto set our names and affix our seals this 5th day of March, A. D. 1875.

A. JACKSON BANCROFT, [SEAL.]

CARRIE E. BANCROFT, [SEAL.]

A. JACKSON BANCROFT, *Guardian.* [SEAL.]

At Barre, this 5th day of March, A. D. 1875, personally appeared A. Jackson Bancroft and Carrie E. Bancroft, and A. Jackson Bancroft, guardian of the said Ella L. Granger, and acknowledged the foregoing instrument, by them sealed and subscribed, to be their free act and deed. CARLOS CARPENTER, *Justice of the Peace.*

On which said written instrument is the following indorsement, to wit:

TOWN CLERK'S OFFICE, Barre, March 5th, 1875.

Received for record at one o'clock, P. M., and recorded in Book 18, page 256, of Land Records.

Attest, C. HOLDEN, *Town Clerk.*

The declaration also set out a parole contract, as follows:

That after the said Ella L. became of the age of eighteen years, the said A. J. Bancroft from time to time told her, the said Ella L., that the said written instrument of adoption was valid and binding, and that she was his only heir after the portion of his estate by law should be given to his wife, and that in consideration that she had already, and should continue to reside with him as his child and daughter, she should be maintained, supported, and provided for as his child, and at his decease should have his property the same as if she were his own child, and that she in consideration of the premises, and relying upon the promise and assurance so made by the said A. J. Bancroft, to wit: that she was his heir-at-law, and would inherit all his property not given by

law to the said Carrie E. Bancroft, continued from the said time, when she became of the age of eighteen up to the death of the said A. J. Bancroft, to reside in his said family, and discharged such duties and obligations, and performed such labor and services as might be reasonably required of a daughter of the said A. J. Bancroft, the same as before she became of age without other hire, reward, or compensation for the duties and services aforesaid.

It was further alleged in the declaration that said A. J. Bancroft was the guardian of said Ella L. at the time of adoption; that he had no children of his own; and that said Ella L. was the daughter of his wife, by a former deceased husband.

*G. W. Bassett, J. A. & G. W. Wing,* for plaintiff.

The instrument of affiliation was duly executed. Acts of 1870, No. 8. Every requirement of the statute was complied with. The only real objection is, that Bancroft could not act in both capacities, of adopting a minor, and as guardian consent for such minor; that it would be contracting with himself. There are many cases where trustees have made purchases of property in violation of the trust, where the heirs have set aside the contract; but the trustee cannot do it, and so relieve himself from paying. *North* v. *Barnum,* 10 Vt. 220; *Green* v. *Sargent,* 23 Vt. 466; *Davis* v. *Smith,* 43 Vt. 269; *Mead* v. *Byington,* 10 Vt. 116; Perry on Trusts, 228–9, 230, 250, ss. 194–5, s. 210; Ib. ss. 602, 786; the trustee cannot take advantage of his own fraud. *Sewell, Exr.* v. *Roberts, et al.,* 115 Mass. 262, is decisive of this case. In that case, the person adopted had no parents, but had a guardian, grand-parents, and was under the age of fourteen years. The guardian adopted her as his child, without notice to any one to act for her. The court held that the *heirs-at-law* could not avoid it.

If the adoption was voidable by Ella, she ratified it after she became of age.

The parol contract was binding. *Sprague* v. *Sprague,* 30 Vt. 483; it is not void by force of the Statute of Fraud; *Blanchard* v. *Weeks,* 34 Vt. 589.

*Frank Plumley,* for the heirs.

Statutes providing forms of procedure receive a strict construction. Sedgwick's Stat. & Con. L. 319; 2 Inst. 388; Potter's

Dwarris, 611 ; *Dawson* v. *Gill*, 1 East, 64 ; the procedure required by law is rigidly exacted. Sedgwick's Stat. Cons. 320 ; *Goelet* v. *Cowdry* 1 Duer, 132 ; *Doe* v. *Routledge*, Cowper, 712 ; *Hicks* v. *Whitwore*, 12 Wend. 548 ; *Doe ex. dem. Robinson* v. *Allsop*, 5 B. & A. 142; Potter's Dwarris, p. 628 *et seq.*

Executors, in making sale of property, must comply strictly with all statutory provisions. Sedgwick's Con. & Stat. L. 349 ; *Buckley* v. *Lowrey*, 2 Mich. 419; 10 Peters, 161, *Ventris* v. *Smith* ; *Cook* v. *Kelly*, 12 Abb. (N. Y.) Pr. 35.

When a statute gives a new power, and at the same time provides the means of executing it, those who claim the power can execute it in no other way. *Andover & Medford Turnpike Corp.* v. *Gould*, 6 Mass., 40 ; *Franklin Glass Co.* v. *White*, 14 Mass. 286 ; *Sturgeon* v. *State*, 1 Blackf. (Ind.) 39 ; *Riddick* v. *Gomrow*, 1 Miss. 147 ; *State* v. *Cole*, 2 M'Cord, 117.

At the farthest, courts should require no less strict compliance with statutory rules than in case of wills. This is but another way to make a will. It seeks the same end, disposition of estate contrary to common law. *Gibson* v. *Jenny*, 15 Mass., 205 ; *Wilbur* v. *Crane*, 13 Pick. 284 ; *Commonwealth* v. *Knapp*, 9 Pick. 496 ; *Sock* v. *Miller*, 3 Stew. & Port. 13.

Equitable constructions, though they may be tolerated in remedial, and perhaps some other statutes, should always be resorted to with great caution, and never extended to penal statutes, or mere arbitrary alterations of public policy. *Melody* v. *Reab*, 4 Mass. 471.

The opinion of the court was delivered by

ROYCE, J. The object the Legislature intended to accomplish by the passage of the act of November 22d, 1870, was to provide a certain, simple, and inexpensive method, by which names might be changed, and persons be adopted, and constituted heirs at law of other persons ; and to effectuate that intent, forms were prescribed to be used and followed, and were made a part of the act. The act is full and complete in its provisions, and is not connected by reference, or otherwise, with any previous law upon the same subject. A. J. Bancroft, for himself, and as guardian of the

appellant, with his wife, Carrie E., attempted to execute the necessary papers to change the name of the appellant, and to adopt her, and constitute her their heir at law.  The question is, Did the papers which they executed legally effectuate that purpose ? It is to be observed that the forms prescribed by the act were adopted and followed.  It is objected that the name of the appellant does not appear in the body of the written instrument. But it is evident that the consent was to be evidenced by the signatures and seals to the instrument; because in the form, there is no blank for, or indication, that the name of the party consenting should be inserted in the body of the instrument.  It is further claimed that A. J. Bancroft was incompetent to act for the appellant as her guardian, in the matter of consenting for her. There was nothing in the nature of the act to be performed, that would disqualify him ; and the act provides that the consent may be given by the parent or guardian.  The instrument of assent in this case, was executed and sealed by A. J. Bancroft for himself, and as guardian of the appellant, and by Carrie E. Bancroft, the only surviving parent of the appellant.

We think all that the law required to constitute a legal adoption of the appellant, as the heir at law of A. J. Bancroft, was done ; and the judgment of the County Court is affirmed, and ordered to be certified back to the Probate Court.