In re Adoption of Mary Ann Burkholder.

John S. Darrah et al., Appellees, v. Irene Burkholder, Intervener, Appellant.

No. 40511.

DECEMBER 9, 1930.

REHEARING DENIED MARCH 12, 1931.

*F. M. Haradon* and *C. H. Van Law,* for appellant.

*E. N. Farber,* for appellees.

MORLING, C. J.—The child, Mary Ann Burkholder, was born April 14, 1924. Her mother died a few days afterward. The child was born in petitioners' home, and has always lived with them. The child's father died about June 21, 1925, leaving life insurance. On June 27, 1925, the petitioner John S. Darrah was appointed guardian. The life insurance was collected by intervener, Irene Burkholder. The guardian, John S. Darrah, claimed that the life insurance was taken out by the child's father in the name of his mother, the intervener, in trust for the child, and brought suit in behalf of the minor against intervener to recover it. A decree was rendered, apparently by agreement, by which one half of the life insurance was awarded to the guardian and one half to the intervener. On August 26, 1929, the petition for adoption now before us was filed. The evidence shows that petitioners are in good financial circumstances, have taken good care of the child, are furnishing and will continue to furnish her a suitable home, and are proper persons to have her care and nurture. Intervener is a widow and school-teacher, living, during nine months of the year, at the place where she is employed, now Newell, and the other three months at her daughter's home in Cedar Falls and her brother's home in Marshalltown. Intervener is not asking for permission to adopt. No serious objection is made to either of the grandparents as proper foster parents. Their respective ages are around 60. Pending the trial of the

adoption proceedings, the guardian petitioner made formal application to the court in the guardianship proceedings for leave to consent to the adoption. Leave was granted. The guardianship proceedings, the adoption proceedings, and the suit to recover the insurance money were in the same court and before the same judge.

The only question of law raised is whether the guardian may consent to adoption by himself. The court is required to verify the allegations of the petition and investigate conditions and antecedents of the child, for the purpose of ascertaining whether he is a proper subject for adoption, and to make appropriate inquiry to determine whether the proposed foster home is a suitable one for the child. The consent of the parents, if living and competent, is, with certain exceptions, required. One of the exceptions is that they have been deprived of the custody of the child by judicial procedure because of unfitness to be its guardian. The statute provides: "If the child is not in the custody of either parent, but is in the care of a duly appointed guardian, then the consent of such guardian shall be necessary." Code, 1927, Sections 10501-b2, 10501-b3. Such notice must be given as the court may determine.

"If upon the hearing the court shall be satisfied as to the identity and relationship of the persons concerned, and that the petitioners are able to properly rear and educate the child, and that the petition should be granted, a decree shall be entered * * * ordering that from the date thereof the child shall be the child of the petitioners. * * *" Section 10501-b5, Code, 1927.

"The appointment of a guardian is a judicial act made with a view to the qualification of the person appointed, upon the determination of the court that the interest and welfare of the ward will be promoted thereby." *Burger v. Frakes,* 67 Iowa 460.

The duly appointed guardian of the minor is the guardian of its person and property, and entitled to its custody. Idem.

It has been adjudged, in effect, in the guardianship proceedings that the petitioner John S. Darrah is a proper person to have the care and custody of the minor and to serve as her guardian. It is the policy of the law that the guardian may not be deprived of his rights and of his authority and duties to the ward without

his consent (*Burger v. Frakes*, 67 Iowa 460), unless, of course, it should be shown that he is an improper person, which would be ground for removal. Code, 1927, Section 12604; 28 Corpus Juris 1101. The guardian has no power to grant or decree the adoption of his ward. The propriety of a proposed adoption is a judicial question, to be determined by the court. But it is required that the consent of those already having the care of the child, or having the right to it, shall, with exceptions, be obtained; and in a case such as that before us it is required that "the consent of such guardian shall be necessary." In giving consent, however, the guardian in no wise grants or bargains away or determines the right of adoption. The right and authority to adopt are determined judicially by the court. The necessary consent is given and is determined, not in the interest of the proposed foster parents, but in the interest of the child. No right to adopt exists unless and until the court so decrees. It is because of the guardian's right to the custody of the child and his interest in its welfare, established by his appointment as guardian, and not because of his entering into any contract with or obtaining any property interest from the child, or because of his executing any trust for the child, that the guardian's consent is necessary. Appellant cites no authority sustaining her contention that the guardian is incapable of giving consent to his own adoption of his ward, and we have found none. Authority to the contrary is found in *Bancroft v. Heirs of Bancroft*, 53 Vt. 9. See, also, *Van Matre v. Sankey*, 148 Ill. 536 (36 N. E. 628); 1 Corpus Juris 1388.

Guardian ad litem for the minor was appointed and made answer. Appellant contends that consent of the guardian ad litem to the adoption was necessary. The statute does not so require.  Guardian ad litem is appointed in the interest of the minor, and acts under the direction of the court, and to assist the court in arriving at a just conclusion. The guardian ad litem may not make an election for the infant without the consent of the court. 31 Corpus Juris 1142. The question litigated and determined by the court was the interest and welfare of the minor. It was by way of defense on that question, and that question only, that the guardian ad litem answered, or had any authority.

Intervener complains that, because of unfriendliness between

the petitioners and herself (which seems to have grown out of the disagreement over the life insurance), she will be deprived of the privilege of associating with her grandchild. She also complains that, if the child should die, the petitioners will inherit the child's property. The petitioner John S. Darrah, as guardian of the person and estate of the minor, has the undoubted right to her care and custody. Without doubt, petitioners have furnished a good home and proper care for the child, and are proper persons to have such care in the future. The interests of the child are paramount, and it is in her interest that the court decreed her adoption.—*Affirmed.*

EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.