## HENRY v. EVANS ET AL

1. **Practice**: FORECLOSURE OF MORTGAGE: PLEADINGS.    In an action to foreclose a mortgage, where copies of the note and mortgage are attached to the petition as exhibits, and the signatures thereto are not denied under oath, the genuineness of the signatures will be deemed admitted.

2. ———: ———: BURDEN OF PROOF.    Where a defendant in a foreclosure suit set up a claim to the property, under the assignment of a contract to convey, his rights accruing subsequently to the execution of the mortgage, it was incumbent upon him to show that his claim was superior to the mortgage.

3. ———: ———: EVIDENCE: PRESUMPTION.    It will be presumed in favor of the courts' findings that the lawful evidence authorizing the decree was introduced and considered by the court.

*Appeal from Harrison District Court.*

### FRIDAY, JUNE 9.

THE plaintiff commenced this action to foreclose a mortgage upon certain real estate.    J. C. Evans the mortgagor was made a party defendant, Washington Noyes was also made a defendant, and it was averred that plaintiff was informed and believed that said Noyes claimed to have some interest in the mortgaged property, but the claim of Noyes was junior and inferior to plaintiff's mortgage.    Noyes answered averring his want of information and belief as to the execution of plaintiff's mortgage, and setting up a claim to the property arising out of certain assignments of a contract for the conveyance of the mortgaged property.    These assignments appear to be subsequent in point of time to the mortgage sought to be foreclosed by the plaintiff.    The answer also alleged that the mortgage was fraudulent and without consideration, and averred that the mortgaged property was owned by defendant's assignors and not by the mortgagor. An order was made for a trial upon written evidence in the form of depositions, and the plaintiff was by said order required to take her depositions in 20 days, and defendant to

take his depositions in 90 days thereafter, with the right to plaintiff to take rebutting evidence in the next succeeding thirty days. At the next term neither party having taken any depositions the cause was submitted to the court and the defendant Evans being in default for want of answer, a judgment and decree was rendered against him as prayed in the petition, and upon an inspection of the pleadings, as between the plaintiff and the defendant Noyes, it was found from the pleadings, that the alleged interest of said Noyes in said property was junior and inferior to the lien of plaintiff's mortgage. The defendant Noyes appeals.

*Barnhart & Cadwell*, for appellant.

*S. H. Cochrane*, for appellee.

ROTHROCK, J.—Copies of the note and mortgage were attached to petition as exhibits. The signatures thereto were not denied under oath. It was not therefore incumbent on the plaintiff to show that the signatures were genuine. It appears that under these circumstances the genuineness of the signatures is to be deemed admitted. Code, § 2730. It is therefore wholly immaterial whether the note and mortgage were formally introduced in evidence or not. There was no issue as to the genuineness of the signatures thereto. This disposes of one matter of which there seems to be some contention between the parties.

1. PRACTICE: foreclosure of mortgage: pleadings.

It is urged by the appellent that the burden of proof was on the plaintiff to establish the allegations of her petition as to the priorty of her mortgage. This we think is a mistaken view of the issues made by the parties. The plaintiff as the mortgagee sought the forclosure of the mortgage and by the petition in a general way required the defendant to disclose whether he held any claim upon the land. The defendant by way of cross-claim set up certain assignments of a contract to convey, and avers that his assignors were the owners of the land. His rights appear to have accrued after

2. ——:——: burden of proof.

the execution of the mortgage. It was therefore incumbent on him to show that his claim was superior to the mortgage. It seems to be assumed by counsel for appellants that the court determined that the burden of proof was on the plaintiff when the order for taking the testimony was entered. But the state of the pleadings does not appear to have been under consideration at that time, and the order does not determine the question as to the burden of proof. In our opinion the decree of the District Court should be

AFFIRMED.


OPINION ON REHEARING.

BECK, J.—A rehearing was granted in this case at a prior term upon a petition, wherein the appellant complains that the opinion is based upon a misunderstanding of the record and that upon the pleadings and evidence in the case, the court below erroneously found that the interest of the appellant is junior and inferior to the mortgage of plaintiff. A brief statement will serve to disclose the condition of the record upon which the case is tried here, and will be sufficient answer to appellant's objection to the foregoing opinion. A mortgage is attached as an exhibit to the plaintiff's petition wherein the date of the execution and acknowledgement is blank, but no question is raised by the pleadings in relation to the condition of the exhibit. The record recites that upon the trial plaintiff introduced his evidence as against the mortgagor. It is not shown that appellant introduced any testimony to support his claim of priority or other matters alleged in his answer. It is recited in the decree that the court upon an inspection of the pleadings between plaintiff and appellant, found therefrom, that the latter's interest is junior to the former's mortgage. The record does not show further than as above stated what evidence was introduced by the parties.

We will presume in favor of the court's findings that law-

3. ——: ——:
evidence:
presump-
tion.

ful evidence authorizing the decree was introduced and considered by the court. We will, therefore, presume that the original mortgage with other proof was introduced in evidence. Because the copy of the mortgage attached to the pleadings contained the blanks above stated we will not presume the mortgage itself was in the same condition, but will rather presume that it did not contain the blanks but that in every respect it supported the court's findings. The mortgage having been introduced in evidence to support plaintiff's action against the mortgagor it was not necessary for plaintiff to introduce it again upon the issue between her and appellant; it would be regarded as in evidence upon those issues. This being the condition of the case, and the appellant failing to introduce any evidence but submitting the case upon his pleadings, the court was authorized to consider the mortgage already in evidence in connection with the pleadings. We are required in support of the findings of the court below to presume that the mortgage before the court and other evidence introduced by plaintiff were sufficient to authorize the decree rendered in the case declaring appellant's interest junior to the plaintiff's mortgage. These views support the decree of the court below, and demand that we adhere to our former opinion affirming the decree of the District Court.