DELILAH LAWRENCE *et al.*, Appellees, v. WILLIAM THOMAS, Appellant.

1. **Guardian and Ward:** APPOINTMENT OF GUARDIAN BY CLERK: PROCEEDINGS TO REVIEW: APPEAL: PRACTICE IN SUPREME COURT. The issues presented by proceedings, under section 14, chapter 134, of Acts of the Twenty-First General Assembly, for the review of the action of the clerk of the district court in appointing a guardian of the person and property of a minor child, are triable in the district court by ordinary proceedings, and, upon appeal to the supreme court are reviewable only upon assignments of error.

2. ——: SEPARATE GUARDIANS FOR PERSON AND PROPERTY OF A WARD. The guardianship of the person of a minor child and the guardianship of its property may, under sections 2242—2246 of the code, be vested in separate persons whenever the best interests of the ward will be served thereby.

3. ——:——: APPEAL: PRACTICE. The findings of the district court in such proceedings have the force of a verdict of a jury, and will not be disturbed if there is evidence to support them.

*Appeal from Franklin District Court.*—HON D. R. HINDMAN, Judge.

THURSDAY, JANUARY 28, 1892.

APPEAL from an order appointing a guardian. The appellant having been appointed by the clerk of the district court guardian of the person and property of Fleta Thomas, a minor aged three years, the appellees filed their petition, under section 14, chapter 134, of Acts of the Twenty-First General Assembly, asking the court to review the action of the clerk to set aside said appointment, and to appoint one of them or some other suitable person. William Thomas having answered, the issues were submitted to the court, and, after full hearing, a judgment was entered "that the letters of guardianship be so modified that Susan

Le Valley be appointed guardian of the person of the minor, and that said William Thomas continue as guardian of the property of said minor, and that each party pay one half of the costs." From this judgment William Thomas appeals.—*Affirmed*.

*Taylor & Evans*, for appellant.

*John W. Luke*, for appellees.

GIVEN, J.—I. The first contention to be noticed is whether this case is triable *de novo* in this court. We understand from the record that the case was submitted in the district court, and tried upon oral testimony taken by the reporter, without any agreement of counsel or decision of the court as to the method

1. GUARDIAN and ward: appointment of guardian by clerk: proceedings to review: appeal: practice in supreme court.

by which it was tried. It is not a civil action, as defined in section 2505 of the Code, as it is not for the enforcement or protection of a private right or the prevention or redress of a private wrong. The controversy is as to who shall be appointed guardian, an appointment to which neither party has a private right. It is therefore a special proceeding. Code, sec. 2506. Not being an action, it does not come under section 2508, as to what actions may and what must be prosecuted by equitable proceedings, nor is it of the class of actions specially provided for in the sections following. It is clearly within section 2513, which provides, that "In all other cases except in this code otherwise provided, the plaintiff must prosecute his action by ordinary proceedings." To harmonize all the sections on the subject, the word "action" as here used, must be construed to include special proceedings, and not in the more limited sense, as defined in section 2505. To hold otherwise would leave the code silent as to the mode of trying special proceedings. The expression "in all other cases" strengthens our conclusion. If it were "all other actions," a different conclusion might

be required.   We are in no doubt but that the pro-
ceeding is only reviewable in this court upon the assign-
ment of errors which the appellant has made.

The first assignment is: "That the court erred in
separating the guardianship of the person
2. ——: separ- 
rate guardians
for person and from the guardianship of the property of
property of a
ward.                 the ward."

The following sections of the Code must be con-
sidered in disposing of this question:

"Section 2241. The parents are the natural guard-
ians of their minor children, and are equally entitled to
the care and custody of them.

"Section 2242. Either parent dying before the
other, the survivor becomes the guardian.   If there be
no parent or guardian qualified and competent to dis-
charge the duty, the district court shall appoint a
guardian.

"Section 2243. If the minor has property not
derived from either parent, a guardian must be
appointed to manage such property, which may be
either parent, if suitable and competent."

"Section 2246. Guardians appointed to take
charge of the property of a minor must give bond,"
etc.

In construing these sections we must have in
mind that the paramount purpose of the law is to
protect and promote the interest of the wards because
of their inability to care for themselves.   We must
also accept the undeniable fact that many persons,
and even some parents, are not qualified and com-
petent to discharge the duties of a guardian It
is equally true that a person may be eminently
qualified and competent to have the care and cus-
tody of a minor, and yet neither qualified nor com-
petent to manage his or her property, and *vice
versa*.   The policy of the law is to place the interests
of those subject to guardianship in the care of tho
courts, and the courts are necessarily vested with a

large discretion in the appointment of guardians, and in directing as to the management and control of both the person and property of the ward. As will be seen by the sections we have quoted, the law recognizes the right of parents to the custody and control of their minor children, and to the management of property derived from either parent, without appointment from a court. It is obvious, however, from section 2242 that if the parents, or the survivor of them, be not qualified to discharge the duty of care and custody or of managing the property of the minor, the court may appoint a guardian for the purpose for which the parent is not qualified and competent. Such cases arise when, from dissolute habits or other cause, the parents are not qualified and competent to have the care and control of the child, or, being qualified and competent for that, are disqualified and incompetent to manage the property. Familiar instances of competency for one duty and incompetency for the other are found in the case of widowed mothers who are in the highest degree competent to have the care and control of their minor children, but, from want of business experience, incompetent to manage their property. Instances are frequent where one friend of the minor is capable and willing to serve as guardian of the person, and another of the property, while neither is competent for both duties. The law recognizes the necessities that arise in such cases, and protects the interest of the ward by authorizing the appointment of a guardian with powers to meet the necessity.

It is contended that, as this minor has property not derived from either parent, the separation of the guardianship of person and property is authorized by section 2243. We do not think that section has any application where both parents are dead. It only applies when the care and custody of the child is with the parents or parent, and is designed to preserve property of the minor not derived from either. The ques-

tion of the power to appoint two guardians was not passed upon in *Burger v. Frakes*, 67 Iowa, 460. There is much force in what is there said as to the impropriety of appointing two guardians, and demands careful consideration, but it is not against the authority to do so when the best interest of the ward will be served thereby. It is manifest that such instances do arise, and we are in no doubt of the power of the court, in the exercise of a sound discretion, to appoint a guardian of the person and a guardian of the property, when the interests of the ward will be best served thereby. As all expenditures must be under the court, no difficulty can arise. The court will order what sums must be paid by the guardian of the property for support and education of the ward. It is suggested that section 2246, requiring a bond of guardians appointed to take charge of property, only relates to those appointed under section 2243. We think it applies whenever there is property of the minor, whether the appointment be general or limited.

III. The other assignments of error may be resolved into the single inquiry whether the evidence supports the judgment. In this connection may be considered the questions discussed as to which party has the burden of proof, and the effect to be given to the findings of the district court, as shown by the judgment. The appellant's appointment by the clerk was without any adjudication as to his qualifications. The case, therefore, stands upon the petition of each party for the appointment. Each party affirms his or her fitness for the appointment, and each holds the burden of establishing that affirmation. The findings of the court are entitled to the effect of a verdict, as all the reasons for the rule as to verdicts apply with at least equal force to the findings of the court. The evidence leaves no doubt but that, by reason of their high characters, relationship to and affection for the child, Fleta Thomas, and their circumstances and surroundings,

3. ——: ——: appeal: practice.

either Mr. Thomas or Mrs. LeValley would be a faithful and acceptable guardian of both person and property. Mr. Thomas' qualifications to serve as guardian of the property are not questioned, and the evidence shows quite satisfactorily that with him and his family the child would have a good home and favorable surroundings. While there is room to question Mrs. Le Valley's fitness to manage the property, there is no question whatever as to her qualifications to have the care and custody of the little girl. With Mr. Thomas, the ward would have been left largely to the care of Mrs. Thomas, who, though competent in every respect, would not be the person selected by and answerable to the court, while Mrs. Le Valley is equally competent.

Further mention of the facts bearing upon the selection is unnecessary. It is sufficient to say that we think the facts fully sustain the judgment of the court, and it is therefore AFFIRMED.