IN THE MATTER OF THE GUARDIANSHIP OF MARY E. S. JOHNSON, A MINOR.

1. Guardian of Minor: APPOINTMENT: PROTEST: PARTIES ON APPEAL. Where the adopting parents of a minor child have died, and the child has come into the custody of one who was named as guardian by the will of the deceased father by adoption, and the natural father is afterwards appointed by the district court guardian of the child, against the protest of the guardian named in the will, the latter has such an interest in the matter that he may appeal from the order of the district court.

2. ——: ——: JURISDICTION: TESTAMENTARY GUARDIANS. Where the only surviving parent by adoption of a minor child died a resident of a county of this state, and his will was there probated, the domicile of the child is in the same county, though she was at the time

residing in another state; and the district court of that county has jurisdiction to appoint a guardian for such minor child, notwithstanding she was at the time in the custody of a guardian, appointed by the will of the adopting father, in a state where testamentary guardianship was recognized by law. ˙ The laws of this state do not recognize the right of a parent to appoint a guardian by will for his minor children, and thus divest the proper court of jurisdiction in the matter.

.3. ———: ———: MATTERS TO BE CONSIDERED. The selection of a guardian is largely within the discretion of the court, and the controlling consideration is the welfare of the ward. While the nomination of a guardian by the will of an adopting parent should have full consideration, it is not controlling, and where the person so nominated is a resident of another state, and the court, against his remonstrance, appoints the natural father of the child, he being a resident of this state, this court will not interfere, where no abuse of discretion appears.

*Appeal from Des Moines District Court.*—Hon. James D. Smythe, Judge.

Saturday, January 21, 1893.

On April 7, 1891, J. H. Sturgis filed his petition showing that he is the father of Mary E. S. Johnson, then about seven years of age; that some years previous she was adopted by Frank A. and Amelia S. Johnson both of whom are now deceased; that said minor needed the care and protection of the petitioner, and that he was a householder, and able to care for said child; that at the time of the decease of said Johnson, which was since the decease of his wife, he claimed to be a resident of Des Moines county, Iowa; that said child has no legally appointed guardian, and can not be so well taken care of as by the petitioner,—wherefore he asks "that he may be appointed guardian of the person of said minor child."

On the eleventh day of April following, D. W. Diggs filed a remonstrance, stating that said minor child was adopted by Mr. and Mrs. Johnson some years previous, by contract with the petitioner, and according to the laws of Dakota, in which territory said

parties then resided; that said Johnson and wife took the child, and gave it their surname, according to the contract; that by the laws of Dakota said Sturgis was relieved of all care of said child, and responsibility to and for said child, and thereafter had no right over it. He sets out the statute of South Dakota authorizing the court to appoint guardians of "minors who have no guardian legally appointed by will or deed, and who are inhabitants or residents of the county, or who reside out of the territory, and have estates within the county." He alleges that Mr. Johnson executed his last will, which was duly probated in the Des Moines district court, wherein he nominated the remonstrator, D. W. Diggs, to be guardian of the person and property of said child, and that in pursuance thereof he took charge of said child, and then had her at his home in South Dakota. He made further statements as to his ability and qualifications to care for said child as guardian, and urged that for the reasons stated the district court of Des Moines county had no jurisdiction to appoint another as guardian.

The petitioner filed a motion to strike said remonstrance, and thereafter D. W. Diggs filed objections to the appointment of said Sturgis as guardian, setting forth the adoption of the child by Frank A. Johnson, and the appointment of the objector in the will; that no facts were shown that he is not a proper person to take charge of said child; that he had had charge of her since the death of Mr. Johnson; that he had filed his petition in this court for letters of guardianship, as provided in said will,—and prayed that evidence might be heard, showing that the welfare of said child would be best promoted in his custody. An order was entered sustaining the motion of the petitioner to strike from the files the remonstrance of Mr. Diggs, and appointing the petitioner guardian of the person of said minor from which D. W. Diggs appeals.—*Affirmed.*

*J. T. Illick,* for appellant.

*Dower & Huston,* for appellee.

GIVEN, J.—I. The appellant moves to dismiss the appeal upon the grounds that appellant, Diggs, is not a party to the proceeding, is not interested therein; that no judgment has been entered against him, nor that affects any substantial right of his, in such manner as to entitle him to appeal. It requires no citations to show that in the appointment of guardians the controlling consideration is the welfare of the ward. It is a special proceeding to make an appointment, to which no person has a private right, whatever the preferences in his favor may be. *Lawrence v. Thomas,* 84 Iowa, 362. It appears from the record that this child was adopted by Mr. and Mrs. Johnson, by contract with the petitioner, under the laws of Dakota, whereby they became entitled to all the rights of natural parents; and the petitioner was relieved of all parental duties to the child, and surrendered all rights over it; that, Mrs. Johnson being deceased, Mr. Johnson appointed the appellant guardian of the child, as authorized by the statute of Dakota, in his will; that the appellant has cared for the child, in his home in Dakota, since the death of Mr. Johnson; and that he is a fit person to be guardian, and has petitioned the district court of Des Moines county to appoint him. This is a contest between Mr. Sturgis and Mr. Diggs for the appointment, and, under the facts alleged, Mr. Diggs has a right to be heard. The order was against his protest, and against his appointment. He certainly has the right to have his claims considered. The motion to dismiss the appeal is overruled.

II. The appellant's first complaint is that the court erred in striking his remonstrance. This remon-

<div style="margin-left:2em;font-size:small">1. GUARDIAN of minor: appointment: protest: parties on appeal.</div>

2. ——: ——: strance is solely against the jurisdiction of
jurisdiction: the court, and is grounded upon the fact
testamentary
guardians. that the appellant was appointed guardian
of this minor in the will of Mr. Johnson, as authorized
by the laws of Dakota. It is alleged in the petition,
and found by the court, that Mr. Johnson was a resi-
dent of Des Moines county, Iowa, at the time of his
death. It is further found that his last will and testa-
ment was duly admitted to probate in that county, as
the place of his residence, and principal administration
granted on the estate. The residence of Mr. Johnson
being in Des Moines county, that was the domicile of
the child, and the court of that county had jurisdiction
to appoint a guardian of its person, though it was not
at the time residing in the county. *Jenkins v. Clark*, 71
Iowa, 552. Testamentary guardianship is not author-
ized by our present Code. It was allowed under the
Code of 1851, section 1492, and under the revision of
1860, section 2544, but was omitted from the Code of
1873, though recommended by the Code commissioners.
The Code, section 47, repealed all prior public and gen-
eral statutes. The Codes of 1851 and 1860 were the
same, and were enactments of the common law on this
subject, and hence their repeal could not have the
effect of reinstating the common law. To so hold
would be to deny any effect to the repeal. In *Burger
v. Frakes*, 67 Iowa, 460, it is said "that the law pre-
scribes that a parent may provide by will for the care
and custody of a minor child." This is certainly true,
but not as against the right of the proper court to
appoint a guardian. It is not a recognition of the right
of a parent to appoint a guardian by will. If Mr.
Johnson had continued to reside in Dakota to the time
of his death, and the domicile of this child had been in
that state, the testamentary appointment of the appel-
lant under the laws of that state might be a sufficient
plea against the jurisdiction of the courts of this state

to appoint a guardian; but, as the residence of Mr. Johnson was in Des Moines county, and as the domicile of the child was that of the parent, the testamentary appointment of the appellant under the laws of Dakota did not deprive the district court of Des Moines county of jurisdiction to appoint a guardian. It follows from this conclusion that there was no error in striking the appellant's remonstrance.

III. The appellant's other assignments of error are that the court erred in appointing the petitioner

3. ——: ——: matters to be considered. guardian of the person of said minor, in not appointing him guardian of the person and estate, and in refusing to take evidence to determine whether or not said child's welfare would be better promoted in his care, or in the care of the petitioner. The record shows that the cause came on for hearing upon the motion to strike the appellant's remonstrance. "The court, upon hearing the arguments of counsel, grants said motion, and thereupon made and caused to be entered the following order and judgment in said cause." The judgment finds that the petitioner is father of the minor, a citizen and resident of Iowa, and a fit person to be appointed guardian. "We will presume, in favor of the court's findings, that legal evidence authorizing the decree was introduced, and considered by the court." *Henry v. Evans*, 58 Iowa, 560. While we think the nomination in the will of a party as guardian should receive full consideration in the selection of a guardian, yet the fact that appellant was a nonresident of the state was a sufficient reason why he should not be appointed. The selection of a guardian is, of necessity, largely within the discretion of the court appointing, and it is only where there is a clear abuse of that discretion that this court will interfere. There is nothing in this record to show that the discretion was abused, and the order and judgment of the district court are AFFIRMED.