IN THE MATTER OF THE GUARDIANSHIP OF GEORGE M. O'CONNELL, a Minor.

**Appointment of Guardian:** DISCRETION OF COURT. As between an unmarried woman whose employment as school teacher was not permanent, and her married sister, who already had the custody of their eight years old nephew, and was able and willing to care for him as one of her own children, the court properly selected the latter as guardian.

SAME. Where testatrix's eight years old son had a good home with his married aunt, who was able and willing to care for him, her appointment as guardian in preference to persons who were not relatives was not a clear abuse of discretion, though testatrix requested the appointment of the latter in her will, and orally expressed such desire shortly before her death, and though the fitness of such persons is not questioned.

*Appeal from Linn District Court.*—HON. WILLIAM P. WOLF, Judge.

FRIDAY, MAY 21, 1897.

ELLEN O'CONNELL, surviving parent, died January 4, 1895, leaving an only child, George M. O'Connell, eight years old. She left a will, to which was attached, by way of a codicil, this request: "I wish it to be understood by the court that it is my desire to have the executors of my last will and testament, Dr. A. H. Johnson and Dr. G. R. Skinner, to be appointed guardian of my son, Geo. M. O'Connell, until he become of age." Application was made for the appointment of Theresa O'Connell, a sister of deceased, as guardian of the child; also for that of Drs. Skinner and Johnson, and of Anna M. Donahue, another sister. After hearing, the court appointed the latter permanent guardian. Theresa O'Connell and Drs. Skinner and Johnson appeal.—*Affirmed.*

*Rickel & Crocker* for appellants Skinner and Johnson.

*Preston, Wheeler & Moffit* for appellant Theresa O'Connell.

*Rothrock & Grimm* for appellee Anna M. Donahue.

LADD, J.—The appeal of Theresa O'Connell may be first considered. The evidence shows that she is unmarried, and her occupation that of a school teacher. She was always on good terms with the child and its mother, but has no affection for him other than that of a near relation. Her employment is not permanent, and existing conditions may reasonably be expected to change. On the other hand, Mrs. Donahue is a married woman, now has custody of the child, treats him as one of her own children, is able to care for him, and wishes to do so. True, she had at one time some dispute with her deceased sister, but not of such a character as would interfere with the proper nurture and training of this son. Under the circumstances, we think the court rightly permitted the minor to remain with Mrs. Donahue.

II. A more difficult question is presented by the appeal of Drs. Skinner and Johnson. The mother requested in her last will that they be guardian of her son and orally expressed her desire to the same effect, shortly before her death. Testamentary guardianship is not authorized in this state, *In re Johnson*, 87 Iowa, 130 (54 N. W. Rep. 69); but the expressed wish of the parent, and especially when made shortly before dissolution, will influence the court, and other things being equal, will determine the appointment. 9 Am. and Eng. Enc. Law, 93, and

notes.   No question concerning the fitness of either
Dr. Skinner or Dr. Johnson is raised, and they are
willing to act as guardian without compensation.
They are not related to the child, however, and under-
take the trust largely because of the dying request of
the mother.   What disposition would be made of the
child by them does not appear.   What has already
been said of Mrs. Donahue's care of the child need not
be repeated.   He has a good home with her, is con-
tented, and well provided for.   She is his aunt, and
has a natural interest in his welfare.   The dispute
with the child's mother, heretofore referred to, was
occasioned by the claim that the conveyance of forty
acres of land by her father to her brother was in the
nature of an absolute gift, and not by way of an
advancement.   The evidence that she referred to her
sister in opprobrious terms is indignantly denied.   Her
property interests and those of the child are not in
conflict.   Were this case triable *de novo*, however, we
should feel bound to regard the dying request of the
mother.   It is prosecuted by ordinary proceedings,
and "the findings of the court are entitled to the effect
of a verdict, as all the reasons for the rule as to ver-
dicts apply with at least equal force to the findings of
the court."   *Lawrence v. Thomas,* 84 Iowa, 362 (51 N.
W. Rep. 11).   The selection of a guardian is, of neces-
sity, largely within the discretion of the court appoint-
ing, and it is only when there is a clear abuse of dis-
cretion that this court will interfere.   *In re Johnson,
supra.*   The welfare of the boy is of controlling impor-
tance, and we cannot say from the record before us
that the district court so abused its discretion as to
justify interference with its decision.—Affirmed.