## REMOVAL OF GUARDIAN.

[Circuit Court of Lorain County.]

### IN RE GUARDIANSHIP OF JAMES EDWARD MURRAY.*

Decided, September 28, 1906.

*Appeal—From Refusal to Remove a Guardian for·Lack of Jurisdiction to Make the Appointment—Standing of an Uncle in Such a Proceeding—Domicile of Minor Determined, How—Meaning of the Word "Resident" as Used in Section 6254.*

1. The interest of an uncle in the welfare of a minor nephew gives him standing in a proceeding for the appointment of a guardian for the minor.

2. Conversely, a motion by an uncle for the removal of a guardian on the ground of lack of jurisdiction to make the appointment sufficiently challenges such jurisdiction, and such a step being equally a special proceeding with that of making the appointment, carries the right of appeal to the common pleas on the overruling of the motion.

3. Inasmuch as the grandparents of this minor stood in the relation of parent to him, the residence of the grandparents is his residence, and jurisdiction to appoint a guardian is in the probate court of the county of their residence.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

James Edward Murray is an infant, now about seven years of age. His father was Patrick J. Murray. His mother's maiden name was Moroney. Both are now dead.

At one time these people lived in Athens county in this state. James Edward was born there. Mrs. Murray was threatened with or attacked with pulmonary disease, on account of which they broke up their home at Athens in the fall of 1903, selling a part of their goods and storing the remainder, and went to the state of Texas. After remaining in that state for a few months, until probably March or April, 1904, Mrs. Murray not getting better, they returned to Ohio, stopping for a few weeks with Mrs. Murray's sister, at Toledo, and then in May, 1904, going to the

---

*Affirming *Re Guardianship of James Edward Murray*, 4 N. P.—N. S., 233.

home of Patrick's parents in Wakeman, Huron county, Ohio. The goods which Patrick had left in Athens, he had shipped to him at Wakeman.

The entire family, that is, Patrick, his wife and the child, James Edward Murray, remained at the home of Patrick's father in Wakeman, until the 11th of July, 1904, when Mrs. Murray died. Patrick and the child continued at the home and in the family of Patrick's parents until he—Patrick—died there on the 24th day of November, 1904; thereafter, the child remained with his paternal grandparents until the 28th or 29th day of the same month, when, with the approval and consent of his grandparents, at least with such approval and consent given by the grandmother and without objection on the part of the grandfather, said infant was brought from Wakeman by Katherine Loveland, a sister of his deceased father, to her home in Lorain county.

On the 9th of December, 1904, this aunt made application to the probate court of said last named county for appointment as guardian of said infant; said application was granted and she was appointed by said court as such guardian on said last named date.

Said infant was not the owner of any property. The only duty imposed upon the guardian by such appointment was the care and custody of his person.

On the 12th day of January, 1905, J. J. Moroney, a brother of the infant's deceased mother, made a motion in said probate court to have said guardian removed on the ground that said infant was not a resident of Lorain county at the time of such appointment, and that therefore the court was without jurisdiction to make the appointment.

Upon hearing, the court overruled said motion, whereupon said Moroney appealed to the court of common pleas. Upon trial in said last named court, said motion was sustained and said guardian was removed; the court holding that said infant was not, at the time of the appointment, a resident of said Lorain county

By proper proceedings the case is in this court on error to the order of the court of common pleas. Some question is made by

the defendant in error, that said Moroney is entitled to no standing in court. This does not seem to be well taken. He is an uncle of the infant, and ought to be interested in his welfare.

If this was a civil action perhaps the way for him to have proceeded would have been to have made the motion in the name of the infant, the uncle appearing as his next friend; but it would seem that if the court was without jurisdiction to make the appointment, and attention was called to such want of jurisdiction by motion of one acting in good faith, and having the interest which an uncle might properly have in the welfare of the infant, the motion should be heard by the court, and if judgment should be against the party filing the motion, taxing the costs against him, his interest in the case would be sufficient to entitle him to appeal. Revised Statutes, 6407 provides that "Appeals may be taken to the court of common pleas from    *    *    *    an order removing or refusing to remove an executor, administrator, guardian or other officer appointed by the probate court."

In the case *In re Johnson*, decided by the Supreme Court of Iowa, reported in 54 N. E., page 69, one Sturges filed his petition to be appointed guardian of a female minor born to him, but who had, by legal adoption, become the daughter of Mr. and Mrs. Johnson, both of whom had died. One D. W. Diggs filed a remonstrance to the making of the appointment, setting up that he was, by will of the adopting father, Johnson, made testamentary guardian of the person and property of the minor; that said will had been duly probated, and that he was acting as guardian of the child and then had her at his home. A motion was made to strike this remonstrance from the files; this motion was sustained, and said Sturges was appointed; from this order Diggs appealed; Sturges moved to dismiss the appeal and the court says in reference to said last named motion:

"Appellant moves to dismiss the appeal upon the grounds that appellee, Diggs, is not a party to the proceedings; is not interested therein; that no judgment has been entered against him, nor that affects any substantial right of his, in such manner as to entitle him to appeal. It requires no citations to show that in the appointment of guardians the controlling consideration is the welfare of the ward. It is a special proceeding to make an appointment to which no person has a private right."

And the court held that Diggs had a right to be heard, and overruled the motion to dismiss the appeal. Certainly the proceeding to remove a guardian is equally a special proceeding with that of making the appointment. This proceeding was instituted by a near relative of the infant. It challenged the jprisdiction of the court in making the appointment, and it was proper that this motion should be heard and determined by that court, and it seems clear that the party defeated was entitled to appeal to the common pleas court.

The question then remains whether the court erred in holding that said infant was not a resident of Lorain county at the time the appointment was made, as the word "resident" is used in Section 6254, Revised Statutes.

After a careful examination of the question the conclusion is reached that there was no error in the judgment of the court of common pleas. The carefully prepared opinion of Judge Washburn in this case, published in 4 N. P.—N. S., 233, expresses our views of the law in the case, and is so exhaustive as to render it unnecessary to discuss to any considerable extent the questions there discussed.

Ths conclusion, on the part of two members of the court, is at variance with their views when the consideration of this case was first taken up. We have the feeling expressed by the judge of the common pleas, that it is unfortunate that this guardian should have to be removed, but the law seems to require it. And since as both this court and the court of common pleas hold that the residence of this child is in Huron county, the probate court of that county can, and doubtless will, upon proper application being made, appoint a suitable guardian for the child, whether it be the one appointed here or some other person; but from the evidence in the case, it seems altogether probable that the Probate Court of Huron County will appoint, on proper application, the same guardian that was appointed in this county.

The order of the common pleas is affirmed.

*G. A. Resek, Clayton Chapman* and *P. H. Moroney*, for plaintiff.

*E. G. & H. C. Johnson* and *Lee Stroup*, for defendant.