BERTHA L. H. ARENT et al., Appellees, v. ASAPH ARENT, Appellee; ARTHUR ARENT, Appellant.

No. 47141.

(Reported in 32 N. W. 2d 660)

June 15, 1948.

Rider & Bastian and Loth & Melton, all of Fort Dodge, for appellant.

Garfield, Baker & Miller, of Humboldt, for appellees.

WENNERSTRUM, J.—Bertha L. H. Arent and Asa S. Arent, plaintiffs, are wife and son respectively of the defendant Asaph Arent. On October 17, 1946, the plaintiffs filed a petition wherein it was asked that the wife be appointed guardian of defendant. Arthur Arent, a brother of the defendant, filed a petition of intervention. He approved of the appointment of a guardian but objected to the appointment of the wife claiming she was not a suitable person to act in that capacity. Thereafter pleadings controverting the issues presented in the original petition and in the petition of intervention were filed by the respective parties. On the issues joined by the pleadings a hearing was had. The trial court appointed Bertha L. H. Arent as guardian. The intervenor has appealed.

It is the contention of the appellant that the court erred in the following respects: (1) in appointing Bertha Arent as guardian rather than some other person (2) in not requiring plaintiff to prove that she was a suitable person to act as guardian and in appointing her in the absence of such proof, and (3), in making the appointment it did inasmuch as it is claimed that the wife appellee had an adverse personal interest and that the effect of this interest was not overcome by any sufficient proof.

The evidence is not controverted that the appellee Asaph Arent is now insane and that a guardian should be appointed for him. The sole question on appeal is whether a wife, under

these circumstances, is a suitable and proper person to be named as guardian.

Asaph Arent is now approximately seventy years of age. He is a medical doctor who during the greater portion of his professional career has had a large and respected practice in Humboldt, Iowa. He and the appellee Bertha Arent have been married for over forty years. There are two living children. Asa Arent, the son and one of the appellees, is a physician in Humboldt. Lillian, a daughter, is now married and lives in Philadelphia. She did not take any part in the proceedings.

The record discloses that the relationship between Bertha Arent and Arthur Arent, the intervenor, has not been harmonious for a number of years. He has not been in the home of Bertha and Asaph Arent for approximately twenty-three years. The contentions on the part of the intervenor are that Dr. Asaph Arent is now in the hospital for the insane at Cherokee, Iowa, that he is not receiving the proper care there because of the crowded condition of that institution, that he is not being properly clothed, that the ward would be happier and more apt to recover his mental state if he were in a private home or private hospital rather than in a state institution, that Bertha Arent is not showing a proper interest in her husband's condition and welfare, and that she is making no effort to have him released from the state hospital and placed in a private home or in a private institution.

It is a further contention of the intervenor that the wife, the appointed guardian, has an adverse financial interest in the estate of her ward. Dr. Arent inherited a farm which was encumbered by a mortgage of $13,000 when he received it. During a greater portion of the time since he received this property Mrs. Arent has managed it. From this source the two children were given an education. The son completed a course in a school of medicine and the daughter obtained a collegiate degree, majoring in chemistry. It is further shown that Bertha Arent, the wife, inherited money from her family, that she obtained an assignment of the mortgage on the farm through the payment to the then mortgagee of $9,869.60. At the time the assignment of the mortgage was made to her there was a balance due on it of $11,000. It is shown by the evidence that the mortgage

indebtedness had been reduced by $2,000 from the original amount of $13,000 from the income of the farm, that also from this source the children had received their education, that there was at the time of the hearing approximately $2,000 in the bank and about $1,000 in government bonds, that approximately $1,100 and interest on other indebtedness owed by Dr. Arent had been paid and that improvements costing in excess of $700 had been made on the farm property.

The evidence shows that the ward had previously received institutional care and that during this earlier period he had been returned to his home from time to time as circumstances and his condition permitted. It is asserted on the part of the intervenor that Bertha Arent is quarrelsome and that she has no present personal interest in the ward and by her actions has indicated that she prefers to have her husband remain in an institution.

■ I. The proceeding relative to the appointment of a guardian is at law. We have previously held that the findings of the trial court in the selection of a guardian are entitled to great weight. We have further held that if the evidence is in conflict such findings as made by the trial court ought not to be disturbed. Lawrence v. Thomas, 84 Iowa 362, 366, 51 N. W. 11; In re Guardianship of O'Connell, 102 Iowa 355, 71 N. W. 211; In re Guardianship of Waite, 190 Iowa 182, 186, 180 N. W. 159. It has also been our holding that findings of fact by a probate court are conclusive on the appellate court when they are fairly supported by competent testimony. In re Estate of Mann, 219 Iowa 597, 258 N. W. 904; In re Will of Fish, 220 Iowa 1247, 264 N. W. 123; In re Estate of Conkling, 221 Iowa 1332, 268 N. W. 67.

■ II. This court will not interfere in the selection of a guardian made by a trial court unless it is shown that there has been a clear abuse of discretion in making the appointment. In re Guardianship of Johnson, 87 Iowa 130, 54 N. W. 69; In re Guardianship of O'Connell, 102 Iowa 355, 357, 71 N. W. 211; In re Guardianship of Hruska, 230 Iowa 668, 673, 298 N. W. 664, 138 A. L. R. 1359.

■ III. We have given consideration to the claim that the

appellee wife has a conflicting financial interest in that she holds a mortgage on her ward's property and that by reason of this fact she should not be appointed as guardian. The trial court was advised of this situation at the time of the hearing. It is our conclusion that this claimed conflicting financial interest is not of such a nature as to cause us to hold that it was an abuse of discretion on the part of the trial court to make the appointment it did. There is no statute in this state which precludes an appointment under such circumstances. The guardianship proceedings will be under the control and supervision of the probate court. If it is later shown that the ward's interests are not being safeguarded the court can then take proper action. We have held that a guardian should not be removed where there has been no showing of any loss to the guardianship even though there was a claimed conflict of interests. In re Guardianship of Ridpath, 231 Iowa 977, 983, 2 N. W. 2d 651. Consequently, we cannot see where under somewhat similar circumstances there would be a basis for denying the appointment of a person otherwise shown to be competent and satisfactory.

We have given consideration to the cited cases referred to in the appellant's brief relative to the matter of conflicting interests in trustee proceedings where there had been purchases of trust property by one who is a trustee or in close relationship to the trustee. We hold the rulings there made are not applicable under the present record. Our approval of the trial court's appointment of the wife in the instant case, despite the fact that she has a mortgagee's interest in the ward's farm property, is not to be construed as a relaxing of the rule as to the guardian's duty to protect the interests of the ward and to take no action adverse to his best interests.

IV. Our consideration of the evidence convinces us that the wife has not shown such a lack of interest in her husband, the ward, to justify us in holding that her appointment as guardian by the trial court was an abuse of discretion. On the contrary it is disclosed that after previous institutional care of the husband he always returned to the family home where he received care and attention. There is no showing that this care was not proper and satisfactory. As evidence of the interest the family took in Dr. Arent it is disclosed by the record that

several years ago when an effort was made to commit him to an institution the wife and daughter resisted the proposed commitment and entered into an agreement with the Insanity Commission to assume care and control of him. It is also shown that during the ward's present confinement in the Cherokee State Hospital for the insane the wife and son have made inquiries relative to placing him in a private hospital or a home other than his own but it was deemed advisable for him to remain in the state hospital because of his mental condition. All these facts were presented to the trial court. We find there was ample evidence to justify the court in making the appointment it did and that it should be affirmed.—Affirmed.

BLISS, HALE, MANTZ, SMITH, and HAYS, JJ., concur.

OLIVER, J., concurs in result.

GARFIELD, J., takes no part.