In the Matter of the GUARDIANSHIP OF Jeremy Lee MURPHY, A Child.

Bill Brass and Edith Brass, Appellants,

Steven Shane, Kimberly Shane, Milton Murphy and Debra Murphy, Appellees,

and

Candila Coutts, Guardian Ad Litem.

No. 85–1585.

Supreme Court of Iowa.

Dec. 17, 1986.

G.A. Cady III of Hobson, Cady & Drew, Hampton, for appellants.

Larry W. Johnson of High, Walters & Johnson, Iowa Falls, for appellees.

Randall E. Nielsen of Pappajohn, Shriver, Eide & Nicholas, Mason City, for natural parents.

Candila Coutts, Mason City, for minor child.

LARSON, Justice.

Five-month-old Jeremy Lee Murphy was adjudged to be a child in need of assistance under Iowa Code chapter 232 (1985). The Iowa Department of Human Services was granted custody, and Jeremy was placed in

a foster home. When one of the foster parents became too ill to care for him, he was placed with William and Edith Brass (Edith Brass is a half-sister of the child's natural father.). Steven and Kimberly Shane filed a petition in Cerro Gordo District Court requesting that they be appointed as guardians (Kimberly Shane is a sister of the child's natural mother.). A week later, the Brasses petitioned for their appointment as guardians.

The district court, sitting in probate, considered both applications and appointed the Shanes as guardians. The Brasses appealed. The court of appeals reversed and remanded the case to the juvenile court. In the Shanes' application for further review, they claim the court of appeals erred (1) in adopting a de novo scope of review; (2) in reversing the case; and (3) in remanding to the juvenile court rather than the probate court. On further review, we vacate the court of appeals decision, affirm the district court, and remand.

## I. The Scope of Review.

█ The initial question is whether an order appointing a guardian of a minor is to be reviewed de novo or as an action at law.

Iowa Code section 633.33 (1985) provides, with respect to probate proceedings in general, that

> [a]ctions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Section 633.555 (1985) deals more specifically with the opening of guardianships:

> All other pleadings and the trial [on the guardianship petition] shall be governed by the Rules of Civil Procedure. The cause shall be tried as a law action, and either party shall be entitled to a jury trial if demand is made therefor as provided by the Rules of Civil Procedure.

As these are actions at law, our review would ordinarily be on error. Despite the language of these statutes the Shanes argue, and the court of appeals held, that when the proceedings involve the appointment of a guardian for a minor child our review must be de novo.

Under our early cases, it was clear that review of a proceeding to appoint a guardian of a minor was on error, not de novo, even in the absence of statute. See, e.g., Arent v. Arent, 239 Iowa 737, 740, 32 N.W.2d 660, 661 (1948); In re Guardianship of Waite, 190 Iowa 182, 186, 180 N.W. 159, 160 (1920); In re Guardianship of O'Connell, 102 Iowa 355, 357, 71 N.W. 211, 212 (1897); Lawrence v. Thomas, 84 Iowa 362, 364, 51 N.W. 11, 12 (1892).

Some question about the scope of review appeared in later cases, however, when minor children were involved. In In re Guardianship of Plucar, 247 Iowa 394, 72 N.W.2d 455 (1955), this court adopted a standard of de novo review in a minor guardianship case, relying on an earlier case in which we had said:

> The appellee urges upon us that the case is not triable de novo, and is reviewable on errors only. Where the issue turns upon the best welfare of the child, and involves the overturning of presumptive parental rights in the interest of the child, we have found it difficult to separate questions of law from questions of fact, and have found ourselves unable to adhere very strictly to the rule contended for by appellee. We have necessarily recognized the fact that the determination of such issues carries us into the field of equity, and that it is indispensable that principles of equity be applied.

Plucar, 247 Iowa at 396, 72 N.W.2d at 457 (quoting Jensen v. Sorenson, 211 Iowa 354, 367, 233 N.W. 717, 723 (1930)) (habeas corpus case). The Plucar case, however, is of doubtful authority because it was decided at a time when there was no statute such as present sections 633.33 and 633.555, requiring the trial of such proceedings to be at law. (Iowa Code section 670.9 (1954), in effect at the time Plucar was decided, re-

quired ordinary proceedings only on the appointment of a guardian for certain incompetents; chapter 668 (guardianship of minors) had no similar provision.).

The case of *In re Guardianship of Sams*, 256 N.W.2d 570 (Iowa 1977), is also relied on by the Brasses. *Sams* was an action for termination of a guardianship, not one for the initial appointment of a guardian. The Shanes claim it is distinguishable on that ground, because sections 633.33 and 633.555 refer to proceedings for the initial appointment of guardian, not subsequent proceedings. Under section 633.33, later proceedings would still be required and be heard in equity. In any event, the impact of sections 633.33 and 633.555 was not an issue in *Sams*.

Iowa Code sections 633.33 and 633.555, in requiring ordinary proceedings for the appointment of a guardian, make no exception for those cases involving minors, and we will not read such an exception into them. In view of the specific language of these statutes, the legislative intent to provide a trial at law is clear; any modification to allow de novo review must come from the legislature. Because our review is on error, we will affirm if there is any substantial evidence to support the trial court's findings. *See* Iowa R.App.P. 4.

## II. *The Substantial Evidence Question.*

■ The district court determined that the best interests of the child would be served by his placement in the Shane home. This was based on the following findings. The natural parents expressed a preference for their appointment, and, if the Shanes were appointed as guardians, they would maintain more contact with the child. Looking to the future, the natural parents preferred the school district in which the Shanes resided. The court found the Shanes had demonstrated parenting abilities by raising two children of their own, while the Brasses had no children. The reports of the social workers concluded that both homes were good.

Everyone seems to agree that the question of custody is close. Under our scope of review, however, we need only look to the record to see if substantial evidence supports the district court's findings. We believe it does.

## III. *The Remand to Juvenile Court.*

■ The Shanes contend the court of appeals erred in remanding to the juvenile court rather than the probate court, which entered the order in question. Iowa Code section 232.3 provides:

*Concurrent court proceedings.*

1. During the pendency of an action under this [juvenile justice] chapter, a party to the action is estopped from litigating concurrently the custody, guardianship, or placement of a child who is the subject of the action, in a court other than the juvenile court. A district judge, district associate judge, magistrate, or judicial hospitalization referee, upon notice of the pendency of an action under this chapter, shall not issue an order, finding, or decision relating to the custody, guardianship, or placement of the child who is the subject of the action, under any law, including but not limited to chapter 598, 598A, or 633.

2. The juvenile court with jurisdiction of the pending action under this chapter, however, may, upon the request of a party to the action or on its own motion, authorize the party to litigate concurrently in another court *a specific issue* relating to the custody, guardianship, or placement of the child who is the subject of the action. Before authorizing a party to litigate a specific issue in another court, the juvenile court shall give all parties to the action an opportunity to be heard on the proposed authorization. The juvenile court may request but shall not require another court to exercise jurisdiction and adjudicate a specific issue relating to the custody, guardianship, or placement of the child.

(Emphasis added.)

In this case, the juvenile court entered an order allowing litigation of the specific is-

sue of guardianship, as permitted by section 232.3(2), quoted above. But it went further, providing for complete termination of the juvenile court's involvement "effective without further Order of this [juvenile] Court on the date that a dispositive order settling the matter of the guardianship of Jeremy Murphy is filed in Cerro Gordo County Probate No. 19776." We agree with the court of appeals that section 232.-3(2) only allows deferral to the probate court on specific issues; it does not authorize a wholesale relinquishment of juvenile court jurisdiction.

The full termination of a juvenile proceeding is provided by section 232.103(4) which provides:

> The court may terminate [a CHINA dispositional] order and release the child if the court finds that the purposes of the order have been accomplished and the child is no longer in need of supervision, care or treatment.

In the present case, there has been no determination that Jeremy is no longer in need of "supervision, care or treatment," and termination would therefore be inappropriate.

We remand to the district court for entry of an order reinstating the jurisdiction of the juvenile court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED AND REMANDED.

All Justices concur except HARRIS and CARTER, JJ., who dissent.

HARRIS, Justice (dissenting).

I respectfully dissent. I believe the proper scope for our review should be de novo. I do not believe Iowa Code sections 633.33 and 633.555 were intended to change the scope in reviewing custody decisions. *See In re Marriage of Bolson*, 394 N.W.2d 361, 363 (Iowa 1986). It seems illogical to have the scope of our review turn on the happenstance of the immediate remedy selected by a party when the question reviewed—welfare of the child—is the same.

Upon a de novo review I think that William and Edith Brass would better provide for Jeremy. I would reverse.

CARTER, J., joins this dissent.