426 N.W.2d 657 (1988)
In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF Joseph Edmund REED, a Minor.
Edmund R. REED and Janice Reed, Petitioners-Appellees,
v.
Gerry SMITH and Roberta Smith, Respondents-Appellants,
Rod Surber and Raeann Surber, Custodians-Appellees.
No. 87-917.
Court of Appeals of Iowa.
May 31, 1988.
*658 Thomas M. Walter, of Johnson, Bauerle, Hester & Walter, Ottumwa, for respondents-appellants.
William L. Shelton and Richard L. Ambelang, of the Shelton Law Firm, Chariton, for petitioners-appellees.
Deborah S. Krauth, of the Krauth Law Firm, Cherokee, as guardian ad litem for the child.
Paul M. Goldsmith, of the Goldsmith Law Office, for custodians-appellees.
Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.
OXBERGER, Chief Judge.
This is an appeal brought by the grandparents of Joseph Reed challenging the trial court's refusal to place the child in their physical custody as guardians. We affirm in part, reverse in part, and remand.
On December 21, 1986, Stephen and Melody Reed were killed in a traffic accident in Missouri. They left no will. They left one child, Joseph Reed. The appellants, Gerry Smith and Roberta Smith, Melody's parents, took care of Joseph after the accident. Stephen's parents, Ed and Janice Reed, also expressed a desire to care for Joseph.
Both sets of grandparents filed petitions to be named as guardians and conservators. The trial court determined that Gerry Smith and Ed Reed should serve as coguardians and Roberta Smith and Janice Reed should act as coconservators. The trial court concluded that because of the mutual antagonism between the grandparents it would be in Joseph's best interests to be placed with a third party. The trial court therefore acted in accordance with Melody and Stephen's wishes and gave physical custody of Joseph to Rod and Raeann Surber. The court concluded it had this power under Iowa Code chapter 600A, although this action was brought under Iowa Code chapter 633. Gerry and Roberta have now appealed the court's ruling.
The parties dispute our scope of review. The Smiths contend our review is de novo since this is essentially a custody determination. The Reeds argue the scope of review is at law. We conclude our scope of review is at law and we review for the correction of errors at law. In re Guardianship of Murphy, 397 N.W.2d 686, 688 (Iowa 1986).
The Smiths contend the trial court erred in making the Surbers the custodians of Joseph. They argue chapter 633 doesn't grant the court the authority to create a separate custodian for the child; the guardian should be given physical custody.
Iowa Code section 633.3(19) defines "guardian" as "the person appointed by the court to have the custody of the person of the ward...." The probate code also gives the court the power to appoint any person who is qualified, suitable, and willing to be the guardian. Iowa Code § 633.559 (1987). The court can then limit the powers of the guardian. Id. at § 633.635.
*659 The court cannot, however, place custody of the minor child with someone other than a guardian. Prior to 1984, section 633.635 provided that "[u]nless otherwise directed by the order of court, the guardian shall have custody of the minor ward...." This language was removed by the legislature in 1984. By deleting this language the legislature took away the court's power to place the ward with someone other than the guardian.
The trial court in this case therefore exceeded its scope of authority by placing physical custody of Joseph with the Surbers. The Surbers, if they were Joseph's guardians, could have physical custody of Joseph, but since they did not petition to become guardians, custody cannot be given to them.
The Smiths also contend the trial court should have appointed them as the sole coguardians and coconservators of Joseph. They again argue the scope of review is de novo, and that they are more suitable to carry out the duties of being coguardians and coconservators.
As noted earlier, our scope of review is at law. We will uphold the trial court's decision if supported by substantial evidence.
We find there is substantial evidence to appoint the Smiths and Reeds as coguardians and coconservators. A guardianship must be created since Joseph's natural parents are dead and Joseph is a small child. There is nothing in the probate code prohibiting the arrangement arrived at by the trial court, and the arrangement addresses the concerns of both the Smiths and the Reeds that they will have some influence on Joseph's upbringing. It is hoped the parties can cooperate on the issues that relate to Joseph, but ultimately, the court is the superior guardian and the parties will heed its orders. In re Guardianship of Ankeney, 360 N.W.2d 733, 736 (Iowa 1985).
In summary we affirm the trial court's creation of the guardianship and conservatorship for Joseph. We also affirm the appointment of the Smiths and Reeds as co-guardians and co-conservators. We reverse, however, the placing of physical custody of Joseph with the Surbers since the probate code does not grant the court the authority to do so. We therefore remand the case to the trial court for a determination of who should have physical custody of Joseph. We express no opinion as to whom the trial court should appoint to have physical custody of Joseph.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.