**In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF D.D.H., L.S., Appellant.**

No. 94–1552.

Court of Appeals of Iowa.

Aug. 17, 1995.

Kevin W. Techau of Grefe & Sidney, P.L.C., Des Moines, for appellant maternal grandfather.

Brian L. Gruhn of Gruhn Law Firm, Cedar Rapids, for appellees paternal grandparents.

Considered by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

The parents of D.D.H., born February 23, 1993, were killed in August 1994. Lynn, the appellant and maternal grandfather, and the paternal grandparents, the appellees, filed separate petitions. Lynn filed a petition for an appointment of a guardian and conservator. The paternal grandparents filed a petition for an appointment of a guardian. The maternal grandmother then filed a petition for intervention also requesting guardianship or, in the alternative, grandparent visitation.

Following trial, the district court made the following findings of fact. D.D.H.'s father had shot and killed D.D.H.'s mother and then shot himself. Lynn immediately took custody of D.D.H. and looked after him. Lynn resided in a two-bedroom home with his fiancee and two of his children from a previous relationship aged fifteen and eleven, Dale and Lisa. D.D.H. shared a room with Lisa. The district court also found Lynn had two previous marriages and a relationship which had failed; his employment record had been sporadic; and he drank alcohol daily and had one OWI conviction. The court found Lynn had only had a casual relationship with D.D.H. prior to taking custody, but the relationship had solidified after the parents' death. The district court noted that while

Lynn had not denied the paternal grandparents visitation, he had put numerous restrictions on visitation.

The district court further found the paternal grandparents have been married for twenty-two years and have a fifteen-year-old daughter living at home; their home was large enough to provide D.D.H. with his own bedroom; they had strong emotional ties with D.D.H. prior to the parents' deaths; and they both had steady jobs.

The district court awarded custody and guardianship to the paternal grandparents, stating they could attend more effectively to D.D.H.'s physical, emotional, moral, and financial needs. The court awarded visitation to both maternal grandparents.

Lynn appeals. The maternal grandmother appealed, but voluntarily dismissed her appeal.

**I. Scope of Review.** Lynn contends the proper scope of review for this case should be de novo. To support his argument, Lynn cites the cases *In re Guardianship of Sams,* 256 N.W.2d 570 (Iowa 1977) and *In re Interest of Rohde,* 503 N.W.2d 881 (Iowa App. 1993). We find otherwise.

In deciding the proper scope of review, the nature of the proceeding must first be determined. Iowa Code section 633.33 (1993), which deals with probate matters generally, provides:

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Iowa Code section 633.555 (1993) further explains that in the opening of a guardianship:

> All other pleadings and the trial of the cause shall be governed by the Rules of Civil Procedure. The cause shall be tried as a law action, and either party shall be entitled to a jury trial if demand is made therefor as provided by the Rules of Civil Procedure.[1]

1. This section has been interpreted to limit the jury decision to whether the appointment of a

■ The statutory provisions referred to make it clear that the standard of review for the initial appointment of a guardian is for errors at law and not de novo. It is equally clear, however, that in those proceedings involving termination of a guardianship a de novo standard applies.

There are several cases that cast light on this subject. Lynn relies on *Sams* to support his contention that our standard of review should be de novo. But, *Sams* was an action for termination of a guardianship, not one for the initial appointment of a guardian. The standard of review in *Sams* was properly fixed as de novo.

Our supreme court in the later case of *In re Guardianship of Murphy*, 397 N.W.2d 686 (Iowa 1986) distinguished *Sams* and held that the standard of review for the initial appointment of a guardian was for errors at law and not de novo. The court stated:

*Sams* was an action for termination of a guardianship, not one for the initial appointment of a guardian. The Shanes claim it is distinguishable on that ground, because sections 633.33 and 633.555 refer to proceedings for the initial appointment of guardian, not subsequent proceedings. Under section 633.33, later proceedings would still be required and be heard in equity. In any event, the impact of sections 633.33 and 633.555 was not an issue in *Sams*.

Iowa Code sections 633.33 and 633.555, in requiring ordinary proceedings for the appointment of a guardian, make no exception for those cases involving minors, and we will not read such an exception into them. In view of the specific language of these statutes, the legislative intent to provide a trial at law is clear; any modification to allow de novo review must come from the legislature. Because our review is on error, we will affirm if there is any substantial evidence to support the trial court's findings. *See* Iowa R.App.P. 4.

*In re Guardianship of Murphy*, 397 N.W.2d 686, 688 (Iowa 1986). *See also, In re Guard-*

*ianship and Conservatorship of Reed*, 468 N.W.2d 819, 824 (Iowa 1991) (standard of review in case where maternal and paternal grandparents of orphaned child filed petition to be named guardians and conservators was for errors of law and not de novo).

Lynn also cites us to *Rohde*, which involved an action where grandparents sought an appointment as guardians and conservators of their grandchild. To the extent that *Rohde* suggests our review is de novo, it is overruled. Since it involved the initial appointment of a guardian and conservator, the proper standard of review is on errors of law.[2]

■ We conclude the proper scope of review for an appointment of a guardian for a minor under Iowa Code sections 633.33 and 633.555 is on error. *Reed*, 468 N.W.2d at 824; *Murphy*, 397 N.W.2d at 688. Since we are reviewing on error, we will affirm if there is substantial evidence to support the district court's findings. *Murphy*, 397 N.W.2d at 688.

**II. Guardianship.** Iowa Code section 633.559 sets out the preferences affecting the court's appointment of a guardian. Section 633.559 provides:

The parents of a minor, or either of them, if qualified and suitable, shall be preferred over all others for appointment as guardian. Preference shall then be given to any person, if qualified and suitable, nominated as guardian for a minor child by a will executed by the parent having custody of a minor child, and any qualified and suitable person requested by a minor fourteen years of age or older. Subject to these preferences, the court shall appoint as guardian a qualified and suitable person who is willing to serve in that capacity.

■ It is settled law that the determinative factor in deciding between two or more qualified and suitable persons is the best interest of the child. *Reed*, 468 N.W.2d at 824. In determining the best interest of the child, a trial court should review the evidence

---

guardian is necessary. *In re Guardianship and Conservatorship of Reed*, 468 N.W.2d 819, 822 (Iowa 1991). Only the court may make the actual appointment of a guardian. *Id.*

2. In our *Rohde* case, we relied on *In re Guardianship of Stewart*, 369 N.W.2d 820, 823 (Iowa 1985). The *Stewart* case was an action to terminate a guardianship, not an initial action to create a guardianship. Thus, its review was de novo.

and determine which party can better provide for the child's emotional, social, moral, material, and educational needs. *Patten v. Patrick,* 276 N.W.2d 390, 398–99 (Iowa 1979).

■ Lynn first contends the district court disregarded testimony D.D.H.'s best interests would be served in placing D.D.H. with Lynn. The paternal grandparents' employment history is more stable, and they have maintained a long marriage. Lynn consumes alcohol regularly, has had a number of failed relationships, and has not proven to be entirely cooperative with visitations prior to trial. We find there is substantial evidence to support the district court's finding that the paternal grandparents should be named guardians.

■ Lynn also contends the district court improperly disregarded D.D.H.'s mother's wishes. Lynn asserts the mother wanted D.D.H. to be raised by Lynn. Lynn's claim, however, is merely speculative. The testimony relied upon by Lynn only refers to what the mother would have wanted. In this case, we do not believe there was any evidence regarding the mother's wishes or desires for the district court to either rely on or disregard. As a result, this claim must fail.

■ Finally, Lynn argues that the removal of D.D.H. would deny him the company and companionship of his aunt and uncle, who Lynn contends are like siblings to him. To support his argument, Lynn points out that in Iowa siblings in dissolution actions should not be separated. *In re Marriage of Quirk–Edwards,* 509 N.W.2d 476, 480 (Iowa 1993). This principle can also be applied in the case of half siblings. *Id.* This case, however, does not involve a dissolution where siblings have grown up together. With the visitation awarded by the district court, D.D.H. will be able to maintain ties with his aunt and uncle. We conclude Lynn's contention must fail.

We affirm the district court's order naming the paternal grandparents the guardians of D.D.H.

**AFFIRMED.**