**IN THE COURT OF APPEALS OF IOWA**

No. 17-1099
Filed May 2, 2018

**IN THE MATTER OF THE
GUARDIANSHIP OF TIMOTHY
MONKHOUSE,**

**TIMOTHY MONKHOUSE,**
     Ward-Appellant.

_____

     Appeal from the Iowa District Court for Polk County, Craig E. Block, Associate Probate Judge.

     Timothy Monkhouse appeals the probate court order establishing a limited guardianship. **AFFIRMED.**

     Magdalena B. Reese of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellant.

     Carl Monkhouse, Johnston, pro se appellee.

     Kristina Moxley-Monkhouse, Johnston, pro se appellee.

     Lynn C. H. Poschner of Borseth Law Office, Altoona, guardian ad litem for minor child.

     Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Timothy Monkhouse appeals the probate court order establishing a limited guardianship. Timothy claims the petitioners, his parents, failed to prove a guardianship was necessary. We find substantial evidence supports the establishment of a guardianship limited to medical decisions, access to medical information, and determining living arrangements. We affirm the probate court.

A petition for involuntary guardianship is tried at law. Iowa Code § 633.33 (2016). The probate court's factual findings are binding on appeal if they are supported by substantial evidence. Iowa R. App. P. 6.904(3)(a), *see also In re Guardianship of Murphy*, 397 N.W.2d 686, 688 (Iowa 1986).

Timothy Monkhouse was born in 1988. In his late teens Timothy began to show signs of schizophrenia, including auditory and visual hallucinations. Timothy was involuntarily committed on six different occasions and has been arrested multiple times. Timothy does not believe he suffers from schizophrenia and would often stop taking his medication. While not on his medication Timothy had an established pattern of hallucinations, paranoia, and refusing to eat.

At the time of the hearing, Timothy had recently been committed at Broadlawns Medical Center. While committed at Broadlawns, Timothy had refused to eat for some time. After leaving Broadlawns, Timothy transitioned to a structured housing facility run by Eyerly Ball. However, Timothy did not feel the placement was necessary or helpful. He returned to his parents' home, and he was regularly attending medical appointments and taking his medication.

The probate court established a limited guardianship allowing Timothy's parents to make medical decisions, access Timothy's medical information, and

determine his living arrangements. The probate court specifically found "Timothy can, for all practical purposes, function as an individual when he is properly medicated and is on those medications." Timothy now appeals.

Timothy claims his parents did not establish that a guardianship was necessary. He points to his ability to live on his own, make day-to-day decisions regarding his life, care for himself, manage his money, and attend medical appointments. However, the probate court noted

> Most of the problems stem from one; lack of acknowledgement of the issue and lack of appreciation for what medication does or doesn't do for you. It's like an alcoholic who doesn't realize they have a problem or denies they have a problem, but continues the same pattern. And until they recognize the issue and get treatment, it's just a vicious cycle.
> And it's apparent to me you're in that vicious cycle. You do well for a period of time and then you repeat the process and you're back into Broadlawns or whatever else that gets you back on the regulated medications to the point where they say you don't need to stay there; we're going to send you home.
> But the conditions have always been you're going to take your meds. And then you quit taking them.

Testimony by Timothy's father showed Timothy had a pattern of refusing to take his medication. During testimony Timothy himself admitted he did not believe he was schizophrenic and did not believe medication helped him. We find the guardianship was supported by substantial evidence. Pursuant to Iowa Court Rule 21.26(1), (a), (b), and (e), we affirm the probate court.

**AFFIRMED.**