In the Matter of the CONSERVATOR-SHIP OF Paul Oscar DEREMIAH.

Appeal of Phillip DEREMIAH.

No. 90–1080.

Court of Appeals of Iowa.

Sept. 24, 1991.

After entering the home, Paul was required to prepare an affidavit listing his income and assets. Phillip prepared the affidavit. The affidavit failed to include a bank account Paul had in a California bank. Paul's daily rate at the home was based on his assets. In July 1989, the extent of Paul's financial assets was discovered.

In October 1989, Phillip filed an involuntary petition for appointment of conservator for his brother Paul. Phillip proposed that he be named sole conservator. In response, the United States, through the Veterans Administration, filed a certificate of incompetency. The certificate noted the VA had rated Paul incompetent to handle his financial affairs. Paul was in the process of disputing this finding.

Later in October, Paul filed a voluntary petition seeking the appointment of his nephew, Zane Wininger, as conservator and guardian. Zane lives in Indiana. Later, Paul amended his petition seeking to have Security Bank of Marshalltown appointed as a co-conservator.

Following Phillip's deposition, the Marshall County Attorney's office was contacted about alleged misrepresentations Phillip made. An assistant county attorney attended the hearing.

Following trial, the district court concluded that a conservator and guardian was necessary. The court denied the involuntary petition but granted the voluntary petition. The court then appointed Security Bank conservator and Zane Wininger and the Bank co-guardians. Phillip has appealed.

Michael P. Holzworth, Des Moines, for appellant.

Brian L. Danielson of Pattie, Hinshaw, Danielson & Kloberdanz, Marshalltown, for appellee ward, Paul Deremiah.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Paul Deremiah, seventy-four at the time of trial, was admitted to the Iowa Veterans Home in February 1988. Prior to his return to Iowa, Paul lived in California. In January 1988, Paul granted his brother, Phillip, and his sister, Emma, a power of attorney. The power of attorney to Phillip was later revoked.

■ The first dispute we encounter is the proper scope of review. Phillip, the appellant, asserts our scope of review is de novo. The appellee, Paul, asserts it is for errors of law. The Iowa Supreme Court has spoken authoritatively on this issue. *In re Guardianship of Murphy*, 397 N.W.2d 686, 687–88 (Iowa 1986). Actions for appointment of a guardian of conservator are triable at law. Iowa Code §§ 633.33 and 633.555. Thus, review is for errors at law only. Iowa R.App.P. 4; *Murphy*, 397 N.W.2d at 687–88.

Findings of facts in a law action have the effect of a special jury verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the trial court's findings broadly and liberally. *Grinnell Mut. Reinsurance C. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity we construe the findings to uphold, rather than defeat, the trial court's judgment. *Id.* We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.*

A finding of fact is supported by substantial evidence if the finding may be reasonably inferred from the evidence. In evaluating sufficiency of the evidence, we view it in its light most favorable to sustaining the court's judgment. We need only consider evidence favorable to the judgment, whether or not it was contradicted.

*Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978).

Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings. *Waukon Auto v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co.*, 431 N.W.2d at 785.

With these principles in mind, we turn to the issues raised on appeal.

### I. *Denial of Phillip's Petition.*

Phillip contends the trial court erred in denying his petition to be named guardian and conservator of Paul's estate. Indeed, this appears to be Phillip's main objection on this appeal.

The trial court found Phillip's dishonesty in dealing with Paul's affairs precluded Phillip from being guardian/conservator for Paul. We look to see if the trial court's ruling is supported by substantial evidence.

Phillip admitted concealing a bank account belonging to Paul. The bank account was in California. It contained approximately $179,000. Phillip was required to report all Paul's financial information to the Veterans' Administration when Paul was admitted to the Iowa Veterans' Home.

Instead, Phillip purposefully concealed the sum, allegedly at Paul's request.

This single act of dishonesty is certainly enough to support the trial court's ruling, especially because of its magnitude. Phillip admits he knew of the existence and size of the account. This bank account formed the main body of Paul's estate. By not reporting it, Paul was granted a reduced rate at the Iowa Veterans' Home. This resulted in a substantial savings for Paul's estate.

Phillip stood to gain considerable benefit from this concealment. He apparently is named in Paul's will as the beneficiary of the residue of his estate. By not declaring the bank account as required, Phillip, upon Paul's death, would gain the extra money saved by his fraudulent concealment.

There is evidence in the record supporting a finding Phillip may have fraudulently obtained a power of attorney in his favor from Paul. A handwriting expert testified the signature of the grantor of the power of attorney was not Paul's. The handwriting expert testified the signer was the same person who entered the names in the appointment clause of the power of attorney documents.

Additionally, a letter was written by Phillip's attorney. This letter was received by an officer of the Iowa Veterans' Home on July 28, 1989. In that letter, for the first time, the existence of more assets was revealed. Also in that letter Phillip's attorney stated Phillip wished to step aside as manager of Paul's affairs. The letter suggested Zane, Paul's nephew, would be a good replacement. Zane was eventually appointed co-guardian, along with Security Bank of Marshalltown. Phillip now denies he authorized this letter. However, based on Phillip's dubious record of honesty, we are not inclined to attribute much credence to Phillip's disaffirmance. Based on this record, we are not prepared to say his attorney acted without authorization on such an important matter.

There is other evidence questioning the extent of Phillip's honesty. There is evidence of possible self-dealing in regards to

various payments and expenditures. We determine the trial court's denial of Phillip's petition to be appointed guardian and conservator to be supported by substantial evidence.

## II. *Appointment of Zane and Security Bank.*

The trial court appointed Zane, Paul's nephew, and Security Bank of Marshalltown as co-guardians. Phillip contests this appointment. He objects to Zane, as Zane lives in Indiana. His objection to the bank is apparently premised on the fact the bank is an institution and not a person.

We first note Paul specifically requested Zane be appointed as his guardian in his voluntary petition. While not controlling, this fact is entitled to some consideration. Especially important is the fact Paul appears to trust Zane more than he trusts Phillip. Due to the delicate and intimate nature of a guardianship, we are inclined to grant the ward's wishes some weight.

The distance between Zane and Paul is not an insurmountable factor. As a fiduciary, Zane is under an obligation to act in the best interests of the ward. This obligation includes not misusing or abusing the estate by withdrawing unnecessary travel and lodging funds. If he abuses his office an action may be brought in district court for an accounting or removal.

The Iowa Code specifically authorizes banks to serve as fiduciaries. Iowa Code § 633.63(2). The officers of the banks are trained to handle monetary affairs. They are experienced in financial endeavors. Their fees are regulated as well. Additionally, they have a pecuniary incentive to handle clients' accounts well. Their ongoing business good will and reputation rests upon how well the banks performs with its present customers. Finally, the bank is covered by its bond for misappropriation of assets.

As far as the bank serving as guardian, we point out the Iowa Code authorizes such service. Iowa Code § 633.63. The banks are administered by people. These persons at Security Bank, together with co-guardian Zane, will exercise their human wisdom in caring for their ward.

While Phillip's proximity to Paul is a factor to be considered, the trial court's decision Phillip's dishonesty outweighs his proximity is supported by substantial evidence. We determine the trial court's appointment of Security Bank as conservator and co-guardian is supported by substantial evidence. Its appointment of Zane as co-guardian is supported by substantial evidence. We affirm on these issues.

## III. *Assistant County Attorney at Hearing.*

An assistant county attorney was present at the appointment hearing. Phillip's objection to the county attorney's presence was overruled.

Phillip asserts the presence of the assistant county attorney at the hearing unduly prejudiced his case. He asserts the Veterans' Home and others were using the threat of criminal prosecution to prejudice his case. We deal here only with whether the assistant county attorney's presence was unduly prejudicial. We find it was not.

All members of the public are invited to these hearings. Indeed, most official business of the court is conducted in public. The assistant county attorney, like other citizens, has a right to be present at these hearings. Nor do we find the presence of the county attorney as an observer to be unduly prejudicial. The county attorney is charged with enforcement of the state's laws. If the state's laws are being violated, as appears possible in this case, the county attorney should know about it. Nothing in the record indicates the trial court was prejudiced by the assistant county attorney's presence. We therefore affirm the trial court on this issue.

We determine the trial court's ruling is supported by substantial evidence. We accordingly affirm on all issues.

Costs of this appeal taxed to Phillip.

AFFIRMED.