## IN THE COURT OF APPEALS OF IOWA

No. 21-1533
Filed July 20, 2022

**IN THE MATTER OF THE GUARDIANSHIP OF RONALD V. SHADA,**

**RONALD V. SHADA,**
          Ward-Appellant.
_____

          Appeal from the Iowa District Court for Jones County, Mary E. Chicchelly,

Judge.

          An adult appeals the appointment of a guardian. **AFFIRMED.**

          Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

          Jenny L. Weiss of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque,

for appellee.

          Considered by May, P.J., and Schumacher and Ahlers, JJ. Chicchelly, J.,

takes no part.

**MAY, Presiding Judge.**

Ronald Shada suffers from dementia. The district court appointed a guardian to protect Shada. Shada appeals. We affirm.

We review the involuntary appointment of a guardian for errors of law. Iowa Code § 633.33 (2021). So "we affirm only if there is substantial evidence to support the district court's findings." *In re Conservatorship of Leonard*, 563 N.W.2d 193, 195 (Iowa 1997). "Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings." *In re Conservatorship of Deremiah*, 477 N.W.2d 691, 693 (Iowa Ct. App. 1991). "Evidence is not insubstantial merely because it could support contrary inferences." *Id.*

Iowa Code section 633.552 governs the appointment of a guardian for an adult. It requires "clear and convincing evidence" that (a) "[t]he decision-making capacity of the respondent is so impaired that the respondent is unable to care for the respondent's safety, or to provide for necessities such as food, shelter, clothing, or medical care without which physical injury or illness may occur"; and (b) "[t]he appointment of a guardian is in the best interest of the respondent." Iowa Code § 633.552(1).

Here the record contains the opinions of two physicians, Dr. Donald Black and Dr. John Whitacre. Both opined (1) Shada suffers from dementia; (2) Shada's decision-making is impaired; and, as a result, (3) Shada is not able to independently care for his own health and safety. Dr. Whitacre further opined that, in light of Shada's history of eloping, a locked memory-care facility would be "the least restrictive setting" appropriate for Shada. In Dr. Whitacre's view, permitting Shada to return home would create safety concerns even if he were to receive in-

home assistance. Finally, Dr. Whitacre expressly opined that Shada "needs a guardian to make decisions for his own personal care and welfare." In our view, these opinions constitute substantial evidence to support the appointment of a guardian under section 633.552(1).

In his brief, Shada points to various perceived weaknesses in the record, such as (1) the fact that Dr. Black's opinion came in through a written report (although without objection) rather than in-person testimony; (2) alleged inconsistencies in Dr. Whitacre's testimony; and (3) alleged flaws in the doctors' methods, such as their alleged failure to test Shada's cognitive function. But it was the district court's job to consider the evidence—warts and all—and decide what to believe. And we note the court expressly found that Dr. Whitacre's testimony was "credible." The court explained:

> The court does find that the evidence presented clearly and convincingly shows that the decision-making capacity of the respondent is so impaired that respondent is unable to care for the respondent's safety, or to provide for necessities such as food, shelter, clothing, and/or medical care without which the respondent may suffer physical injury or illness, and that a guardianship is in the best interest of the respondent. Specifically, through Dr. Whitaker's testimony, which the court finds credible, the court finds that the respondent suffers from irreversible dementia and lacks the ability to safely care for himself and make decisions about his daily living in order to keep him safe. He requires daily assistance for food, clothing and shelter due to his ongoing dementia and disorientation. He has, when not assisted, become malnourished.

Because substantial evidence supports the district court's finding that a guardianship was justified under section 633.552, we affirm.

**AFFIRMED.**