**In re the Interest of Rachel Kay ROHDE, A Minor Child,**

**Upon the Petition of Randall and Sandra Lilly, Petitioners–Appellants,**

**And Concerning Craig Charles Rohde, Respondent–Appellee.**

**In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF Rachel Kay ROHDE, A Minor Child/Ward.**

**Randall and Sandra Lilly, Appellants.**

No. 91–1354.

Court of Appeals of Iowa.

May 25, 1993.

R. Scott Rhinehart and Christine A. Spears of Richard Rhinehart & Associates, Sioux City, for appellant.

Gene A. Wickey and Al Sturgeon, Sioux City, for appellee.

Francis L. Goodwin of Baron, Sar, Goodwin, Gill, Lohr & Jarman, Sioux City, guardian ad litem.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

Maternal grandparents, Sandra and Randall Lilly, appeal the district court's refusal to grant them custody and appoint them guardians and conservators of Rachel Kay Rohde following a consolidated custody, guardianship and conservatorship action.

Craig Rohde, a twenty-nine-year-old man, suffered brain damage as an infant as a result of phenylketonuria (PKU). He is mildly to moderately retarded, with an I.Q. between 50 and 60. He takes classes and works through a program designed to assist mentally retarded individuals.

In October of 1989, Craig married Carla Lilly, Randall and Sandra's daughter. Carla contracted encephalitis as a baby and had seizures as a result of the brain damage the illness caused. Her IQ was between 70 and 80.

Craig and Carla had a baby girl, Rachel, born March 1, 1990. Rachel does not appear to be retarded. She has a Milk Soy Protein Intolerance which requires a restrictive diet. Craig, Carla, and Rachel had

an independent living arrangement, but the district court found Sandra and Randall monitored, supervised, and substantially assisted the Rohdes.

On September 13, 1991, Carla died after experiencing three severe and extended seizures. There was evidence Craig waited thirty minutes before calling 911 and that Carla would have survived if he had called within the first two to five minutes. Following Carla's death, Craig and Rachel moved in with his sister, Jeannie Schultz and her ten-year-old son. Jeannie is not retarded and works full-time days as a surgical assistant at a hospital. Jeannie's availability to assist Craig is a key factor noted by the district court. The district court found:

> Craig does have limitations and shortcomings as a result of his mental disability. Without the substantial assistance of his sister Jeannie, or other caring adult, he would not alone be able to provide the care required by Rachel.

Randall and Sandra sought custody of their granddaughter and to be appointed guardians and conservators of her. Craig opposed, and the district court concluded it was in Rachel's best interest to remain in the custody of her natural parent.

Randall and Sandra appeal.

**Scope of Review**

■ This matter was properly tried in probate as a proceeding in equity. Iowa Code § 633.33 (1991). Our review is de novo. *In re Guardianship of Stewart*, 369 N.W.2d 820, 823 (Iowa 1985). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

**Discussion**

The Lillys contend the district court erred in failing to appoint them custodians, guardians and conservators of Rachel. They argue, inter alia, Craig cannot read and may not be able to keep Rachel on a restricted diet. They also claim Craig's inability to provide basic care was shown

by his failure to get Carla the assistance she needed.

Iowa law provides a statutory presumption favoring natural parents as guardians, although the presumption is rebuttable. Iowa Code § 633.559 (1991). The mere showing that Craig and Carla received assistance from the Lillys is not sufficient to overcome the presumption in favor of natural parents. In *In re Guardianship of Sams*, the court noted the following:

> Our cases have emphasized that parents should be encouraged in time of need to look for help in caring for their children without risking loss of custody. The presumption preferring parental custody is not overcome by a mere showing that such assistance was obtained. Nor is it overcome by showing that those who provided the assistance love the children and would provide them with a good home. These circumstances are not alone sufficient to overcome the preference for parental custody.

256 N.W.2d 570, 573 (Iowa 1977); *See also Stewart*, 369 N.W.2d at 823.

We recognize, in this case, Craig requires ongoing assistance in order to fully care for Rachel. However, we do not find Craig's ongoing need for assistance sufficient to overcome the presumption favoring him as natural parent.

Ample evidence presented at trial indicates Rachel is happy, well-adjusted and cared for adequately. Those who had observed her since the death of her mother testified she resides in a close, warm and loving home environment. Craig regularly participates in the daily responsibilities of child-rearing, including meal preparation, and the bathing and dressing of Rachel. Additional testimony indicates Craig continues to improve his parenting skills and has the capacity to grow in that area. No testimony presented indicated Rachel was in any danger, nor was there evidence she had been neglected or abused.

We conclude the Lillys have failed to satisfy their burden to show Craig is not meeting the present needs of Rachel.

They have also failed to show he lacks the skills necessary to adequately care for Rachel. We affirm the trial court's denial of the Lillys' petition for appointment as custodians, guardians and conservators. We allow Rachel to remain in the physical care and custody of Craig, subject to the visitation rights of the Lillys. However, we agree with the trial court's finding Craig would not be able to provide the care required by Rachel, without the substantial assistance of his sister Jeannie or another caring adult. We urge Craig to consider this when examining his living arrangements.

On all issues, we affirm the district court.

**AFFIRMED.**

SACKETT, J., concurs.

DONIELSON, J., dissents.

DONIELSON, Judge (dissenting).

I dissent. I find there is sufficient evidence to overcome the presumption which favors the natural parent as the guardian. I would grant Randall and Sandra Lilly custody and appoint them to serve as the guardians and conservators of Rachel.

Admittedly, the fact Craig is not able to compute basic math equations or read to his daughter is not sufficient to overcome this presumption. However, Craig is unable to meet the most basic of Rachel's physical and emotional needs. It is clear he will continue to be unable to do so in the future.

Rachel's medical condition requires careful, long-term attention which Craig cannot provide. Craig relies almost entirely upon the constant supervision of his sister, Jeannie. Jeannie tells Craig what to feed Rachel and how much medicine to give to her. Jeannie reads the labels on foods to make sure they are consistent with Rachel's diet. Jeannie does all the grocery shopping. At the hearing, Craig repeatedly testified that if Jeannie were not around to help him with the above, he would seek the assistance of a "nextdoor neighbor." Such testimony is

no assurance of Craig's ability to provide for Rachel without the assistance of his sister.

Jeannie has not petitioned the court for an appointment as guardian, conservator, or custodian. While I commend Jeannie for her dedication to helping Craig, she has assumed no legal responsibility for the well-being of Rachel. On the other hand, Randall and Sandra have been more than willing to assume the duties of parenting Rachel. I believe Randall and Sandra have established Rachel's best interests require their appointment as guardians and custodians. *See In re Guardianship of Sams,* 256 N.W.2d 570, 572 (Iowa 1977) (burden on grandfather to establish the best interests of the children required his appointment as their custodian).

I would reverse the district court and remand for further proceedings appointing Randall and Sandra as guardians and custodians of Rachel and awarding them physical custody of Rachel.