**In re the Marriage of Delores Darnell ROBINSON and Eddie J. Robinson, Jr.**

**Upon the Petition of Delores Darnell Robinson, Petitioner–Appellee,**

**And Concerning**

**Eddie J. Robinson, Jr., Respondent–Appellant.**

**No. 94–0312.**

Court of Appeals of Iowa.

Dec. 14, 1994.

Joseph G. Bertogli, Des Moines, for appellant.

Leslie Babich of Babich, McConnell & Renzo, P.C., Des Moines, for appellee.

Heard by SACKETT, P.J., and HABHAB and HUITINK, JJ.

HABHAB, Judge.

Delores and Eddie Robinson were married in 1989. Two days after they were married Eddie's sister Rena died. In her will Rena designated Eddie to be the guardian of her three children, Elizabeth Robinson, David Mullinax, and Nicole Barth. Elizabeth's and David's father is deceased and Nicole's father is in an Iowa penitentiary. Eddie and De-

lores were appointed co-guardians of these children.

In 1992, Eddie and Delores separated. Eddie left the couple's home and took Elizabeth to live with him. David and Nicole remained with Delores. Delores filed a petition for dissolution of marriage in January 1993. Delores also filed a petition for removal of guardians in which she requested that Eddie be removed as guardian of David and Nicole and she be removed as guardian of Elizabeth. The parties stipulated that the dissolution action and the matter of guardianship should be considered together and that Eddie would be Elizabeth's guardian.

The focus of the January 1994 trial was whether Eddie or Delores should be made guardian of Nicole and David. At the time of trial, Elizabeth was thirteen years old, David was eight, and Nicole was six.

Delores was fifty-five years old and in good health at the time of trial. She had worked in various jobs since she graduated from high school. Most recently she worked for Northwestern Bell; however, she was laid off in December 1993. Although she had the option of moving to South Dakota to continue her job, Delores elected to take a pension and two years' termination pay. She receives $767 of termination pay every two weeks and a monthly pension payment of $648. In addition, she receives $655 a month in social security benefits for David. Delores plans to stay home until Nicole is in school and then get a job compatible with the children's school hours. Delores has a health insurance policy on David and Nicole through her group health insurance with Northwestern Bell.

Eddie was thirty-two years old at the time of trial. He dropped out of school in the sixth grade. He works as a roofer and does some labor for three Des Moines malls earning approximately $6,000 to $7,000 a year; however, the work is sporadic. Eddie and Elizabeth live with one of Eddie's female friends and her three children in a three-bedroom apartment. He does not carry health insurance on the children but testified he is applying for it.

The court-ordered custody evaluation revealed Delores has been the primary caretaker of the children since their mother died. The investigator found Delores's strengths as a parent to be her capacity to pursue long-term goals, to organize and carry out the instrumental tasks of parenting, and to be committed to relationships. The investigator also found that Delores has a positive relationship with David and Nicole.

The custody evaluation revealed that Eddie's parenting strengths are his ability to show the children unconditional love and to provide a link to their mother. However, the investigator found that Eddie did not demonstrate the ability to prioritize and organize to meet the demands of parenting.

The investigator gave credence to Eddie's accusation that Delores drinks but noted that her drinking has never interfered with her work.

The investigator noted Elizabeth's school attendance and grades have worsened since living with Eddie and Elizabeth is generally having problems in school.[1] David and Nicole were doing well in school and had good attendance records. The investigator could neither confirm nor deny Delores's allegations that Elizabeth had sexually abused David and Nicole in the past; however, Elizabeth was sexually abused by her father.

The investigator recommended Delores should have custody of David and Nicole. The investigator also recommended David and Nicole have regular contact with Eddie on weekends.

The district court ordered Delores should be the guardian of David and Nicole and conservator of their estates. The court ordered Eddie should be Elizabeth's guardian; however, because the court was concerned that Eddie appeared to be living off Elizabeth's social security benefits, Eddie was removed as the conservator of Elizabeth's estate. The court found Delores did not have a drinking problem and even if Delores had disciplined the children inappropriately other evidence of her ability to care for them out-

---

1. We are concerned as to the welfare of Elizabeth and encourage the department of human services to make its own independent investigation as to her care.

weighed this consideration. Moreover, the court noted Eddie had used inappropriate discipline on Elizabeth by hitting her with a belt. The court ordered Eddie to pay $5,000 of Delores's attorney fees because of Eddie's failure to comply with temporary orders.

Eddie argues on appeal that there was not sufficient evidence to rebut the statutory preference for a person nominated by will to be appointed guardian over another qualified and suitable person. Eddie also argues the court abused its discretion in ordering him to pay $5,000 of Delores's attorney fees because Delores has a greater ability to pay them.

The scope of review is de novo. *In re Interest of Rohde*, 503 N.W.2d 881, 882 (Iowa App.1993).

Eddie contends he should be the guardian of David and Nicole since Delores has failed to rebut the statutory preference for will-nominated guardians. We disagree.

There are three tiers of preference for guardians in Iowa Code section 633.559 (1993). Parents are in the top tier, with will-nominated guardians in the second tier, followed by qualified and suitable people requested by minors fourteen and older. "Subject to these preferences, the court shall appoint as guardian a qualified and suitable person who is willing to serve in that capacity." Iowa Code § 633.559. These statutory preferences create a rebuttable presumption. *Rohde*, 503 N.W.2d at 883.

We find Delores has more than adequately rebutted this presumption. Delores has been the historical primary caretaker for David and Nicole. Eddie's parenting skills are weak and have rarely been used in the past. Eddie's ability and desire to financially provide for David and Nicole must also be seriously questioned. Up to the time of trial, Eddie has been unable to manage his budget effectively and has shown little drive to improve his current status. There was also evidence that, prior to trial, Eddie was living solely off of the social security income of Elizabeth. In addition, it would be difficult to consider Eddie's current living accommodations as adequate enough to provide for David and Nicole.

We find it is in the best interests of the children to affirm the decision of the district court.

**AFFIRMED.**