Brian NORTHLAND, Clifford Northland, and Jeanie Northland, Appellants,

v.

Heather Starr, Defendant,

Todd McNAMARA, Marilyn Burrows, and Lee Burrows, Appellees.

No. 97–1328.

Court of Appeals of Iowa.

April 24, 1998.

Eric Borseth of Borseth & Genest Law Firm, Pleasant Hill, for appellants.

Shawn Wehde and John R. Walker, Jr. of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellees.

Heard by CADY, C.J., and HUITINK and STREIT, JJ.

STREIT, Judge.

The natural father of a four-year-old boy seeks custody of his son. The trial court awarded custody of his son to the boy's step-father after the boy's mother died. Because the presumption favoring custody in the natural parent has not been overcome, we reverse the trial court and award custody to the natural father.

### I. Background Facts & Proceedings.

Heather Starr gave birth to Kole on March 13, 1994. Brian Northland is Kole's father. Brian ended his relationship with Heather shortly after Kole was born and moved out of the apartment they lived in together. Heather was unable to support herself and Kole. Heather and Kole temporarily stayed with Heather's parents until they were able to move into an apartment. Heather got a job at Osco Drug to support herself and her son. Heather was aided by her parents. Brian, who had moved in with his parents, was not providing support.

Eventually, both parties married other people. Heather married Todd McNamara. Brian married Jennifer Barnes. Todd and Heather had a child together, Christian. Todd provided for Kole emotionally and financially as if Kole were his own son.

Brian's financial support of Kole has been erratic. For most of Kole's life, Brian has been delinquent on his child support payments. He has often placed other financial obligations, such as vehicle payments, ahead of his child support obligation. He failed to provide medical insurance for Kole after being ordered to do so by the court.

Brian has a precarious school and employment history. He dropped out of high school his senior year and began working at a wrecking service. He began taking classes at a community college to get his diploma, but dropped out before completion and began working at an auto shop. He enlisted in the Army in August 1995, but was discharged in October 1995. When he returned home from the Army, he began working at a gas station. He quit the gas station and took a job with Beef Products, Inc. in January 1996. He worked there until June 1996, then quit to

enroll in classes at Hawkeye Technical Institute.

Brian filed a petition for custody and visitation in September 1994. After a November 1994 hearing for temporary visitation, the court issued a temporary visitation order pending a final hearing allowing Brian to visit Kole every other weekend and every other Wednesday. The visitation took place at the home of Brian's parents, Clifford and Jeanie Northland. The trial was set for June 1995, but never occurred.

On July 6, 1996, Heather died after an asthma attack. On July 12, 1996, Brian filed an application for temporary custody of Kole requesting immediate custodial placement. No final order for custody or visitation had been established after the temporary visitation order filed in September 1994. In response to Brian's July 12, 1996, motion the court issued an ex parte order placing custody with Brian. Todd filed a petition for intervention requesting custody of Kole and visitation. On July 15, 1996, the court set aside the order granting temporary custody of Kole to Brian and returned temporary custody to Todd. After a June 1997 hearing, the court awarded Todd permanent custody of Kole and awarded Brian and his parents visitation rights. Brian appeals the court's award of custody to Todd.

Since the November 1994 temporary visitation hearing and order, Brian has begun working full-time at his father's insurance business. He passed the insurance examination to become licensed and earns approximately $275 per week. He has become a valuable member of the business. Brian and his wife have completely remodeled their home with inheritance money. They have refinanced the home to pay off their debts. Brian has become involved in his community as a scout leader. He has regularly exercised his visitation rights with Kole.

## II. Standard of Review.

■ A petition for appointment of a guardian and custody of Kole, a minor child, is tried in equity. Therefore our review is de novo. *In re Guardianship of Knell,* 537 N.W.2d 778, 780 (Iowa 1995). We give weight to the findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

## III. Rebuttal Presumption of Parental Preference.

■ "The parents of [a] minor [child], if qualified and suitable, are preferred over all others for appointment as their guardians." *In re Guardianship of Stodden,* 569 N.W.2d 621 (Iowa App.1997)(citing Iowa Code § 633.559). The law raises a strong presumption that the child's welfare will be best served in the care and control of its natural parents. *Zvorak v. Beireis,* 519 N.W.2d 87, 88 (Iowa 1994). "This presumption is essential to the maintenance of society, for without it, man would be denaturalized, the ties of family broken, the instincts of humanity stifled, and one of the strongest incentives to the propagation and continuance of the human race destroyed." *Id.* (quoting *Risting v. Sparboe,* 179 Iowa 1133, 1136–39, 162 N.W. 592 (1917)).

■ Iowa courts have frequently decided disputes in which persons who have cared for the children of another have attempted to retain custody against the wishes of the natural parent. *Id.* (citing, *e.g., In re Sams,* 256 N.W.2d 570 (Iowa 1977); *Doan Thi Hoang Anh v. Nelson,* 245 N.W.2d 511 (Iowa 1976); *Hulbert v. Hines,* 178 N.W.2d 354 (Iowa 1970); *Garvin v. Garvin,* 260 Iowa 1082, 152 N.W.2d 206 (1967); *Halstead v. Halstead,* 259 Iowa 526, 144 N.W.2d 861 (1966); *Alingh v. Alingh,* 259 Iowa 219, 144 N.W.2d 134 (1966)). As in all child custody cases, the determining factor is the best interests of the child. *In re Stodden,* 569 N.W.2d at 623. The determination of a child's best interests, however, must take into account the strong societal interest in preserving the natural parent-child relationship. *Zvorak,* 519 N.W.2d at 89. The parents of minor children if qualified and suitable are preferred over all others for appointment as their guardians. *Id.;* Iowa Code § 633.559 (1993). Recognition that the non-parental party is an excellent parent to the child will rarely be strong enough to interfere with the natural rights of the parent. *See id.* In applying these prin-

ciples, we have acted in some cases to remove children from conscientious, well-intentioned custodians with a history of providing good care to the children and placed them with a natural parent. *Id.*

 The presumption of preference in favor of a natural parent is rebuttable. *In re Guardianship of Knell,* 537 N.W.2d 778, 781 (Iowa 1995). The burden of proof rests with the non-parent to rebut the presumption favoring the parent by establishing the parent is not a suitable parent and the child's best interests require that he remain in the non-parent's care. *See id.* In considering the child's best interests, not only are the child's immediate interests considered, but the long-term interests. *In re Guardianship of Sams,* 256 N.W.2d 570, 573 (Iowa 1977).

After de novo review, we find Todd has not sufficiently rebutted the presumption that it is in Kole's best interests to award his custody and guardianship to Brian. This is not a case where Brian has abandoned Kole and Todd is the only father Kole has ever known. *See, i.e., In re Knell,* 537 N.W.2d at 781 (custody awarded to non-parent when natural parent made no effort to develop relationship with child).

 Todd's argument focuses on Brian's past indiscretions such as his job instability and his lack of financial responsibility. Brian has now established himself in a job and a residence which can provide Kole a stable life. The presumption favoring parental custody is not overcome by evidence of a parent's past immaturity and lack of financial responsibility when these indiscretions are not present risks. *See In re Interest of Mann,* 293 N.W.2d 185, 190 (Iowa 1980).

 Todd harshly criticizes Brian for seeking help from his parents to become an adequate parent to Kole. Todd argues Brian has been propped up by his parents to appear mature and financially stable to the court. Even if true, this fact does not defeat the preference for parental custody. Iowa cases have emphasized parents should remedy their shortcomings to meet their children's best interests, even if they need to have help in doing so. *See In re Rohde,* 503 N.W.2d 881, 883 (Iowa App.1993). The pre-

sumption preferring parental custody is not overcome by showing Brian obtained assistance from his parents. *See id.*

 The other focus of Todd's argument is his genuine feeling of love and affection for Kole; no different than feelings he has for his natural son. This fact is not in doubt. Even so, the presumption favoring custody to the natural parent is not overcome by showing the non-parent loves the child and would provide him with a good home. *Id.* These circumstances are not alone sufficient to overcome the preference for parental custody. *In re Guardianship of Sams,* 256 N.W.2d 570, 573 (Iowa 1977). It is also evident Brian loves his son and wants to raise him. Although his parenting skills may not be as good as Todd's, he has shown considerable capacity to grow in this area. *In re Rohde,* 503 N.W.2d at 883.

 In making this decision we have considered the disruption on Kole's life. Kole is a four-year-old boy who lost his mother. He will now be separated from the man he has thought of as his father since infancy and his half-sibling, Christian. He will have to adjust to a new home and family. This is a heavy burden to place on a small child. However, our society accepts children belong with their natural parents and that their best interests are served by staying with their natural parents. This view is reflected in the laws of this state. *See* Iowa Code § 232.116 (stating grounds upon which parental rights can be terminated); Iowa Code §§ 600A.1–600A.10 (stating the procedures for terminating parental rights prior to adoption)("The best interests of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent"). It would be fair to say shifting custody of Kole to Brian is not the easiest short-term solution. Kole's long-term interests must also be considered. Brian is eager to and capable of assuming all of the duties encompassed in being a parent to Kole. Although it will be a difficult adjustment for Kole, it is in Kole's best long-term interests Brian have custody of Kole.

Mindful of the impact upon Kole and his relationship with his half-sibling, Christian,

Kole shall have reasonable and liberal visitation with Christian in Christian's home. The siblings shall have a minimum of one weekend each month from Friday 6:00 p.m. until Sunday 6:00 p.m., two weeks' vacation each summer, and at any other time the parties may agree. If the parties cannot agree, visitation shall occur on the first weekend of each month regardless of holidays.

Because the presumption favoring parental custody has not been overcome, Brian is awarded custody of Kole.

**REVERSED.**